# U. S. District Court
## Western District of Arkansas (Fayetteville)
## CIVIL DOCKET FOR CASE #: 5:10–cv–05125–JLH

Stebbins v. University of Arkansas et al
Assigned to: Honorable Jimm Larry Hendren
Case in other court:  8th Circuit Court of Appeals, 11–01753
                      8th Circuit Court of Appeals, 11–02465
                      8th Circuit Court of Appeals, 12–03567
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 07/12/2010
Date Terminated: 12/28/2012
Jury Demand: None
Nature of Suit: 446 Civil Rights:
Americans with Disabilities – Other
Jurisdiction: Federal Question

**Plaintiff**

**David Stebbins**                         represented by  **David Stebbins**
                                                            123 W. Ridge St.
                                                            Apt. D
                                                            Harrison, AR 72601
                                                            870–204–6516
                                                            PRO SE

V.

**Defendant**

**University of Arkansas**                 represented by  **T. Scott Varady**
                                                            Office of the General Counsel
                                                            University of Arkansas
                                                            421 Administration Building
                                                            Fayetteville, AR 72701
                                                            (479) 575–5401
                                                            Fax: (479) 575–5046
                                                            Email: svarady@uark.edu
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Office of the Chancellor**              represented by  **T. Scott Varady**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/12/2010 | 1 | | COMPLAINT against Office of the Chancellor, University of Arkansas, filed by David Stebbins.(src) (Entered: 07/12/2010) |
| 07/12/2010 | 2 | | MOTION for Leave to Proceed in forma pauperis, MOTION for Service by David Stebbins. (src) (Entered: 07/12/2010) |

| | | | |
|---|---|---|---|
| 07/12/2010 | 3 | | ORDER granting 2 Motion for Leave to Proceed in forma pauperis. Signed by Honorable Erin L. Setser on July 12, 2010. (src) (Entered: 07/12/2010) |
| 07/22/2010 | 4 | | MOTION to Register to Use CM/ECF by David Stebbins. (src) (Entered: 07/22/2010) |
| 08/18/2010 | | | Summons Issued as to Office of the Chancellor and returned to attorney/plaintiff for service. (tg) (Entered: 08/18/2010) |
| 08/26/2010 | 5 | | AFFIDAVIT of Service for complaint, filed by David Stebbins. Office of the Chancellor and University of Arkansas served on 8/20/2010, answer due 9/10/2010.(jn) (Entered: 08/26/2010) |
| 08/26/2010 | 6 | | MOTION to Amend 1 Complaint by David Stebbins. (tg) (Entered: 08/26/2010) |
| 08/30/2010 | | | TEXT ONLY ORDER granting 6 Motion to Amend/Correct. Signed by Honorable Jimm Larry Hendren on August 30, 2010. (kcg) (Entered: 08/30/2010) |
| 08/30/2010 | 7 | | ORDER denying 4 Motion to Register to Use CM/ECF. Signed by Honorable Jimm Larry Hendren on August 30, 2010. (src) (Entered: 08/30/2010) |
| 09/10/2010 | 8 | | MOTION to Dismiss by University of Arkansas. (Varady, T.) (Entered: 09/10/2010) |
| 09/10/2010 | 9 | | MEMORANDUM BRIEF in Support by University of Arkansas. (Attachments: # 1 Exhibit Exhibits A &B)(Varady, T.) (Entered: 09/10/2010) |
| 09/15/2010 | 10 | | RESPONSE to Motion re 8 MOTION to Dismiss filed by David Stebbins. (jn) (Entered: 09/15/2010) |
| 09/16/2010 | 11 | | MOTION to Dismiss certain claims by David Stebbins. (jn) (Entered: 09/16/2010) |
| 10/04/2010 | 12 | | ORDER taking under advisement 8 Motion to Dismiss; granting 11 Motion to Dismiss. Signed by Honorable Jimm Larry Hendren on October 4, 2010. (src) (Entered: 10/04/2010) |
| 10/07/2010 | 13 | | AMENDED COMPLAINT as to 1 Complaint against Office of the Chancellor and University of Arkansas, filed by David Stebbins.(jn) (Entered: 10/07/2010) |
| 10/07/2010 | 14 | | MOTION for Service by David Stebbins. (Same document as #13 Amended Complaint) (jn) (Entered: 10/07/2010) |
| 10/07/2010 | | | MOTIONS REFERRED: 14 MOTION for Service. Motions referred to Honorable Erin L. Setser.(jn) (Entered: 10/07/2010) |
| 10/27/2010 | 15 | | ORDER granting 14 Motion for Service and DIRECTING SERVICE on the Office of the Chancellor, G. David Gearhart, and the University of Arkansas' President B. Alan Sugg. Defendants are to answer within 21 days from the date of service. Signed by Honorable Erin L. Setser on October 27, 2010. (cc: U.S. Marshals Service–Certified)(src) (Entered: 10/27/2010) |
| 10/27/2010 | | | 2 USM285 Forms Delivered to USMS re 15 Order on Motion for Service |

Appellate Case: 13-1105    Page: 2    Date Filed: 01/11/2013 Entry ID: 3993452

| | | | |
|---|---|---|---|
| | | | with complaint and Magistrate Consent. (src) (Entered: 10/27/2010) |
| 11/04/2010 | 16 | | MOTION to Appoint Counsel by David Stebbins. (src) (Entered: 11/04/2010) |
| 11/12/2010 | 17 | | ORDER denying 16 Motion to Appoint Counsel. Signed by Honorable Jimm Larry Hendren on November 12, 2010. (tg) (Entered: 11/12/2010) |
| 11/23/2010 | 18 | | MOTION to Amend 1 Complaint by David Stebbins. (src) (Entered: 11/23/2010) |
| 11/26/2010 | 19 | | SUMMONS Returned Executed by David Stebbins. Office of the Chancellor served on 11/17/2010, answer due 12/8/2010. (src) (Entered: 11/26/2010) |
| 11/26/2010 | 20 | | SUMMONS Returned Executed by David Stebbins. University of Arkansas served on 11/15/2010, answer due 12/6/2010. (src) (Entered: 11/26/2010) |
| 12/01/2010 | 21 | | MOTION for Extension of Time to File *Motion for Extension of Time to Plead* by University of Arkansas. (Attachments: # 1 Exhibit Exhibit A)(Varady, T.) (Entered: 12/01/2010) |
| 12/01/2010 | 22 | | MEMORANDUM BRIEF in Support of 21 Motion for Extension of Time to Plead by University of Arkansas. (Attachments: # 1 Exhibit Exhibit A)(Varady, T.) Added link on 12/2/2010 (src). (Entered: 12/01/2010) |
| 12/02/2010 | 23 | | ORDER denying 8 Motion to Dismiss; denying 18 Motion to Amend/Correct; taking under advisement 21 Motion for Extension of Time to Plead. Order directing the parties to refrain from the use of inappropriate language in their communications. Signed by Honorable Jimm Larry Hendren on December 2, 2010. (src) (Entered: 12/02/2010) |
| 12/08/2010 | 24 | | Second MOTION for Extension of Time to File *Defendants Renewed Motion for Extension of Time to Plead* by University of Arkansas. (Attachments: # 1 Exhibit Exhibits A–F)(Varady, T.) (Entered: 12/08/2010) |
| 12/08/2010 | 25 | | MEMORANDUM BRIEF in Support *Brief in Support of Defendants Renewed Motion for Extension of Time to Plead* by University of Arkansas. (Varady, T.) Modified text on 12/9/2010 (jas). (Entered: 12/08/2010) |
| 12/14/2010 | 26 | | ORDER granting 21 Motion for Extension of Time to File; granting 24 Motion for Extension of Time to File. Responses to the complaint and amended complaint are due December 23, 2010. Signed by Honorable Jimm Larry Hendren on December 14, 2010. (src) (Entered: 12/14/2010) |
| 12/23/2010 | 27 | | First MOTION to Dismiss *Motion to Dismiss* by University of Arkansas. (Varady, T.) (Entered: 12/23/2010) |
| 12/23/2010 | 28 | | MEMORANDUM BRIEF in Support of 27 First Motion to Dismiss by University of Arkansas. (Varady, T.) Modified to add link on 12/27/2010 (jas). (Entered: 12/23/2010) |
| 12/30/2010 | 29 | | RESPONSE in Opposition re 27 First MOTION to Dismiss filed by David Stebbins. (tg) (Entered: 12/30/2010) |
| 02/15/2011 | 30 | | MOTION to Confirm Arbitration Award by David Stebbins. (src) (Entered: 02/15/2011) |

| 02/15/2011 | 31 | | MEMORANDUM BRIEF in Support of 30 MOTION to Confirm Arbitration Award by David Stebbins. (Attachments: # 1 Exhibit A Youtube Link, # 2 Exhibit B Contract Overview, # 3 Exhibit C. 6/29/10 e–mail, # 4 Exhibit D 12/21/09 e–mail, # 5 Exhibit F 2/4/11 e–mail, # 6 Exhibit G e–mail from Varady, # 7 Exhibit H Dispute Resolution Form, # 8 Exhibit I Arbitration Demand)(src) (Entered: 02/15/2011) |
| 02/15/2011 | 32 | | Suggestion in Support of 30 Motion to Confirm Arbitration Award filed by David Stebbins. (src) (Entered: 02/15/2011) |
| 02/15/2011 | 33 | | Letter from Clerk to Mr. Stebbins regarding filing (src) (Entered: 02/15/2011) |
| 02/23/2011 | 34 | | MOTION for ECF and pacer account by David Stebbins. (rw) (Entered: 02/23/2011) |
| 03/04/2011 | 35 | | MOTION for Default Judgment as to University of Arkansas and George Gearhart by David Stebbins. (src) (Entered: 03/04/2011) |
| 03/04/2011 | 36 | | MEMORANDUM BRIEF in Support of 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart by David Stebbins. (Attachments: # 1 Exhibit A PACER)(src) (Entered: 03/04/2011) |
| 03/21/2011 | 37 | | SUPPLEMENT by Plaintiff David Stebbins to 30 MOTION to Confirm Arbitration Award, 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart. (src) (Entered: 03/21/2011) |
| 03/24/2011 | 38 | | RESPONSE in Opposition re 30 MOTION to Confirm Arbitration Award, 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart *Response in Opposition to Plaintiff's Supplement to Motion for Default and Motion to Confirm Arbitration Award* filed by University of Arkansas. (Varady, T.) (Entered: 03/24/2011) |
| 03/25/2011 | | | CLERK'S NOTICE re Multiple Attorneys Listed on Pleading directed to Defendants Office of the Chancellor, University of Arkansas. Response in Opposition to Motion, 38 lists multiple attorneys appearing for the filer. The following attorney(s), who did not sign the pleading, must enter a separate Notice of Appearance in order to receive electronic notification of future activity in the case: **William Kincaid, Tamla Lewis, Jeffrey Bell**. TEXT ONLY ENTRY, NO DOCUMENT ATTACHED. (src) (Entered: 03/25/2011) |
| 03/28/2011 | 39 | | REPLY to Response to Motion re 35 MOTION for Default Judgment as to University of Arkansas and George Gearhart filed by David Stebbins. (tg) (Entered: 03/28/2011) |
| 03/28/2011 | 40 | | MOTION for In–Person Hearing by David Stebbins. (tg) (Entered: 03/28/2011) |
| 03/28/2011 | 41 | | MEMORANDUM BRIEF in Support of 40 MOTION for In–Person Hearing by David Stebbins. (tg) (Entered: 03/28/2011) |
| 03/31/2011 | 42 | | NOTICE OF APPEAL by David Stebbins. (cc via CM/ECF: T. Scott Varady; via U.S. Postal Service: David Stebbins ) (jn) (Entered: 03/31/2011) |
| 03/31/2011 | 43 | | APPEAL NOTICE to Counsel and Pro Se Parties re 42 Notice of Appeal |

| | | | |
|---|---|---|---|
| | | | filed by David Stebbins. (jn) (Entered: 03/31/2011) |
| 03/31/2011 | 44 | | NOA SUPPLEMENT FORM re 42 Notice of Appeal filed by David Stebbins. (jn) (Entered: 03/31/2011) |
| 04/06/2011 | 45 | | 8USCA Case Number 11−1753, for 42 Notice of Appeal filed by David Stebbins. (lw) (Entered: 04/06/2011) |
| 04/08/2011 | 46 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 11−1773, in the 8th Circuit Court of Appeals by David Stebbins (Attachments: # 1 USCA Letter)(jn) (Entered: 04/26/2011) |
| 05/03/2011 | 47 | | MANDATE of 8USCA re: 46 PETITION FOR WRIT OF MANDAMUS filed by David Stebbins (Attachments: # 1 8USCA Corrected Judgment, # 2 8USCA Judgment, # 3 8USCA Cover Letter)(lw) Modified on 5/3/2011 to edit text (lw). (Entered: 05/03/2011) |
| 05/03/2011 | 48 | | MANDATE of 8USCA dismissing 42 Notice of Appeal filed by David Stebbins. (Attachments: # 1 8USCA Judgment, # 2 8USCA Cover Letter)(lw) (Entered: 05/03/2011) |
| 05/10/2011 | 49 | | MOTION for Summary Judgment by David Stebbins. (src) (Entered: 05/10/2011) |
| 05/10/2011 | 50 | | MEMORANDUM BRIEF in Support of 49 MOTION for Summary Judgment by David Stebbins. (src) (Entered: 05/10/2011) |
| 05/19/2011 | 51 | | RESPONSE in Opposition re 49 MOTION for Summary Judgment *Brief in Opposition to Plaintiff's Motion for Summary Judgment* filed by University of Arkansas. (Varady, T.) (Entered: 05/19/2011) |
| 05/19/2011 | 52 | | ORDER granting in part and denying in part 27 Motion to Dismiss. Signed by Honorable Jimm Larry Hendren on May 19, 2011. (tg) (Entered: 05/19/2011) |
| 05/19/2011 | 53 | | ORDER denying 34 Motion ; denying 35 Motion for Default Judgment; denying 40 Motion for Hearing; denying 30 Motion. Signed by Honorable Jimm Larry Hendren on May 19, 2011. (tg) (Entered: 05/19/2011) |
| 05/24/2011 | 54 | | MOTION for Reconsideration by David Stebbins. (lw) (Entered: 05/24/2011) |
| 05/24/2011 | 55 | | MEMORANDUM BRIEF in Support of 54 MOTION for Reconsideration by David Stebbins. (lw) (Entered: 05/24/2011) |
| 05/24/2011 | 56 | | REPLY by David Stebbins re 49 MOTION for Summary Judgment. (lw) (Entered: 05/24/2011) |
| 06/03/2011 | 57 | | ANSWER to 13 Amended Complaint by Office of the Chancellor. (Attachments: # 1 Exhibit A and B)(Varady, T.) Modified on 6/6/2011 (tg). (Entered: 06/03/2011) |
| 06/06/2011 | 58 | | ORDER denying 54 Motion for Reconsideration. Signed by Honorable Jimm Larry Hendren on June 6, 2011. (tg) (Entered: 06/06/2011) |
| 06/07/2011 | 59 | | SUPPLEMENT to 54 Motion for Reconsideration by Plaintiff David Stebbins. (tg) (Entered: 06/07/2011) |
| 06/13/2011 | 60 | | |

| | | | |
|---|---|---|---|
| | | | 8USCA Order (Mandate) denying motion to file an Interlocutory Appeal requested by David Stebbins, 8USCA No. 11–8012. (Attachments: #1 8USCA Judgment)(lw) (Entered: 06/13/2011) |
| 06/29/2011 | 61 | | ORDER denying 49 Motion for Summary Judgment. Signed by Honorable Jimm Larry Hendren on June 29, 2011. (src) (Entered: 06/29/2011) |
| 07/07/2011 | 62 | | NOTICE OF APPEAL as to 58 Order on Motion for Reconsideration by David Stebbins. (cc via CM/ECF: T. Scott Varady, via U.S. Postal Service: David Stebbins ) (Attachments: # 1 Application for IFP, IFP granted 7/12/10)(lw) Modified on 7/8/2011 to edit IFP date(lw). (Entered: 07/07/2011) |
| 07/07/2011 | 63 | | APPEAL NOTICE to Counsel and Pro Se Parties re 62 Notice of Appeal filed by David Stebbins. (lw) (Entered: 07/07/2011) |
| 07/07/2011 | 64 | | NOA SUPPLEMENT FORM re 62 Notice of Appeal filed by David Stebbins. (lw) (Entered: 07/07/2011) |
| 07/11/2011 | 65 | | USCA Scheduling Order as to 62 Notice of Appeal, filed by David Stebbins. Case Appealed to 8th Circuit Court of Appeals Case Number 11–2465. (Attachments: #1 USCA Letter)(jn) (Entered: 07/11/2011) |
| 12/06/2011 | 66 | | MANDATE of USCA affirming district court decision as to 62 Notice of Appeal, filed by David Stebbins (Attachments: #1 USCA Opinion, #2 USCA Judgment, #3 USCA Letter)(jn) (Entered: 12/06/2011) |
| 12/09/2011 | 67 | | INITIAL SCHEDULING ORDER: Final Scheduling Order issue date 2/9/2012. Bench Trial set for 12/3/2012 08:30 AM in Fayetteville –– 5th flr (Rm 509) before Honorable Jimm Larry Hendren. Signed by Honorable Jimm Larry Hendren on December 9, 2011. (gg) (Entered: 12/09/2011) |
| 01/09/2012 | 68 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (adw) (Entered: 01/09/2012) |
| 01/09/2012 | 69 | | MOTION to Suspend Proceedings by David Stebbins. (adw) (Entered: 01/09/2012) |
| 01/25/2012 | 70 | | MOTION to Dismiss *for Failure to Prosecute and Comply with the Court's Scheduling Order* by University of Arkansas. (Varady, T.) (Entered: 01/25/2012) |
| 01/25/2012 | 71 | | MEMORANDUM BRIEF in Support *of Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order* by University of Arkansas. (Varady, T.) (Entered: 01/25/2012) |
| 01/25/2012 | 72 | | RESPONSE in Opposition re 69 MOTION to Stay *Defendants Brief in Opposition to Plaintiff's Motion to Suspend Proceedings* filed by University of Arkansas. (Varady, T.) (Entered: 01/25/2012) |
| 01/27/2012 | 73 | | ORDER denying 69 Motion to Suspend Proceedings and denying 70 Motion to Dismiss for Failure to Prosecute and Comply with the Court's Scheduling Order. Signed by Honorable Jimm Larry Hendren on January 27, 2012. (adw) (Entered: 01/27/2012) |
| 01/27/2012 | 74 | | FINAL SCHEDULING ORDER: Discovery due by 8/3/2012. Bench Trial set for 12/3/2012 08:30 AM in Fayetteville –– 5th flr (Rm 509) before |

| | | | |
|---|---|---|---|
| | | | Honorable Jimm Larry Hendren. Signed by Honorable Jimm Larry Hendren on January 27, 2012. (adw) (Entered: 01/27/2012) |
| 02/02/2012 | 75 | | MOTION for Reconsideration re 73 Order on Motion to Stay, Order on Motion to Dismiss and MOTION for Sanctions by David Stebbins. (adw) (Entered: 02/02/2012) |
| 02/07/2012 | 76 | | RESPONSE in Opposition re 75 MOTION for Reconsideration re 73 Order on Motion to Stay, Order on Motion to Dismiss MOTION for Sanctions *Brief in Opposition to Plaintiff's Motion for Reconsideration and For Sanctions* filed by University of Arkansas. (Varady, T.) (Entered: 02/07/2012) |
| 02/07/2012 | 77 | | CERTIFICATE OF SERVICE by David Stebbins. (adw) (Entered: 02/07/2012) |
| 02/07/2012 | | | CLERK'S NOTICE re Multiple Attorneys Listed on Pleading directed to Defendant University of Arkansas. Response in Opposition to Motion, 76 lists multiple attorneys appearing for the filer. The following attorney(s), who did not sign the pleading, must enter a separate Notice of Appearance in order to receive electronic notification of future activity in the case: **Jeffery Bell**. TEXT ONLY ENTRY, NO DOCUMENT ATTACHED. (adw) (Entered: 02/08/2012) |
| 02/13/2012 | 78 | | REPLY to Response to Motion re 75 MOTION for Reconsideration re 73 Order on Motion to Stay, Order on Motion to Dismiss MOTION for Sanctions filed by David Stebbins. (adw) (Entered: 02/13/2012) |
| 02/27/2012 | 79 | | CERTIFICATE OF SERVICE (University of Arkansas, Office of General Counsel) by David Stebbins (tg) Modified to correct spelling on 2/28/2012 (adw). (Entered: 02/27/2012) |
| 02/27/2012 | 80 | | CERTIFICATE OF SERVICE (University of Arkansas, 421 Administration Bldg) by David Stebbins (tg) (Entered: 02/27/2012) |
| 02/29/2012 | 81 | | ORDER denying 75 Motion for Reconsideration and Sanctions. It is further ordered that defendants re–serve plaintiff with copies of documents #70, #71, #72, and file a certificate of service indicating such service. Signed by Honorable Jimm Larry Hendren on February 29, 2012. (adw) (Entered: 02/29/2012) |
| 03/01/2012 | 82 | | CERTIFICATE by University of Arkansas *Certificate of Service Letter*. (Varady, T.) (Entered: 03/01/2012) |
| 03/12/2012 | 83 | | CERTIFICATE OF SERVICE by David Stebbins (tg) (Entered: 03/12/2012) |
| 03/12/2012 | 84 | | MOTION to Amend 1 Complaint by David Stebbins. (tg) (Entered: 03/12/2012) |
| 03/12/2012 | 85 | | MOTION for Sanctions by David Stebbins. (tg) (Entered: 03/12/2012) |
| 03/13/2012 | 86 | | CERTIFICATE OF SERVICE of request for production of documents by David Stebbins. (adw) (Entered: 03/13/2012) |
| 03/13/2012 | 87 | | CERTIFICATE OF SERVICE of request for admissions by David Stebbins. (adw) (Entered: 03/13/2012) |
| 03/23/2012 | 88 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (adw) (Entered: 03/23/2012) |
| 03/27/2012 | | | Mail Returned as Undeliverable marked Inmate not here. Mail originally sent to David Stebbins at 5800 Law Drive including 86 Certificate of Service filed by David Stebbins. Resent to new address. (src) (Entered: 03/27/2012) |
| 03/29/2012 | 89 | | RESPONSE in Opposition re 85 MOTION for Sanctions *Brief in Opposition to Plaintiff's Renewed Motion for Sanctions* filed by University of Arkansas. (Varady, T.) (Entered: 03/29/2012) |
| 03/29/2012 | 90 | | RESPONSE in Opposition re 84 MOTION to Amend/Correct 1 Complaint *Brief in Opposition to Plaintiff's Motion to File an Amended Complaint* filed by University of Arkansas. (Varady, T.) (Entered: 03/29/2012) |
| 03/30/2012 | 91 | | MOTION to Compel Discovery by David Stebbins. (adw) (Entered: 03/30/2012) |
| 04/02/2012 | 92 | | **DISREGARD, WRONG FILING EVENT USED – SEE 93 FOR CORRECT ENTRY** REPLY to Response to Motion re 91 MOTION to Compel *Defendant's Brief in Opposition to Plaintiff's Motion to Compel Discovery* filed by University of Arkansas. (Varady, T.) Modified to add text on 4/3/2012 (adw). (Entered: 04/02/2012) |
| 04/02/2012 | 93 | | RESPONSE in Opposition re 91 MOTION to Compel filed by University of Arkansas. (adw) (Entered: 04/03/2012) |
| 04/04/2012 | 94 | | REPLY to Response to Motion re 91 MOTION to Compel Discovery filed by David Stebbins. (adw) (Entered: 04/04/2012) |
| 04/04/2012 | 95 | | REPLY to Response to Motion re 84 MOTION to Amend 1 Complaint filed by David Stebbins. (adw) (Entered: 04/04/2012) |
| 04/04/2012 | 96 | | SECOND MOTION for Sanctions by David Stebbins. (adw) (Entered: 04/04/2012) |
| 04/16/2012 | 97 | | CERTIFICATE OF SERVICE REGARDING DISCOVERY by David Stebbins. (adw) (Entered: 04/16/2012) |
| 04/16/2012 | 98 | | MOTION to Compel Discovery by David Stebbins. (adw) (Entered: 04/16/2012) |
| 04/26/2012 | 99 | | RESPONSE in Opposition re 96 MOTION for Sanctions *Brief in Oppostition to Plaintiff's Second Motion For Sanctions* filed by University of Arkansas. (Varady, T.) (Entered: 04/26/2012) |
| 04/26/2012 | 100 | | RESPONSE in Opposition re 98 MOTION to Compel *Brief in Opposition to Plaintiff's Motion to Compel Discovery* filed by University of Arkansas. (Varady, T.) (Entered: 04/26/2012) |
| 05/01/2012 | 101 | | REPLY to Response to Motion re 96 SECOND MOTION for Sanctions filed by David Stebbins. (adw) (Entered: 05/01/2012) |
| 05/01/2012 | 102 | | REPLY to Response to Motion re 98 MOTION to Compel filed by David Stebbins. (adw) (Entered: 05/01/2012) |
| 05/15/2012 | 103 | | ORDER Setting Hearing : Settlement Conference set for 11/1/2012 09:00 |

| | | | AM in Fayetteville –– 2nd flr (Rm 213) before Honorable Erin L. Setser. Signed by Honorable Erin L. Setser on May 15, 2012. (gh) (Entered: 05/15/2012) |
|---|---|---|---|
| 06/11/2012 | 104 | | ORDER denying 85 Motion for Sanctions; denying 96 Motion for Sanctions. See Order for specifics. Signed by Honorable Jimm Larry Hendren on June 11, 2012. (adw) (Entered: 06/11/2012) |
| 06/11/2012 | 105 | | ORDER denying 84 Motion to Amend/Correct. See Order for specifics. Signed by Honorable Jimm Larry Hendren on June 11, 2012. (adw) (Entered: 06/11/2012) |
| 06/15/2012 | 106 | | ORDER denying 91 Motion to Compel and denying 98 Motion to Compel. See Order for specifics. Signed by Honorable Jimm Larry Hendren on June 15, 2012. (adw) (Entered: 06/15/2012) |
| 06/19/2012 | 107 | | CERTIFICATE OF SERVICE REGARDING DISCOVERY by David Stebbins (src) (Entered: 06/19/2012) |
| 07/09/2012 | 108 | | EMERGENCY MOTION for Protective Order by David Stebbins. (adw) (Entered: 07/09/2012) |
| 07/13/2012 | 109 | | RESPONSE in Opposition re 108 MOTION for Protective Order filed by University of Arkansas. (Varady, T.) (Entered: 07/13/2012) |
| 07/17/2012 | 110 | | ORDER denying 108 Motion for Protective Order. Signed by Honorable Jimm Larry Hendren on July 17, 2012. (adw) (Entered: 07/17/2012) |
| 07/18/2012 | 111 | | Second MOTION for Protective Order by David Stebbins. (src) (Entered: 07/18/2012) |
| 07/18/2012 | 112 | | REPLY to Response to Motion re 108 MOTION for Protective Order filed by David Stebbins. (src) (Entered: 07/18/2012) |
| 07/18/2012 | 113 | | Second MOTION to Stay by David Stebbins. (src) (Entered: 07/18/2012) |
| 07/21/2012 | 114 | | RESPONSE in Opposition re 111 MOTION for Protective Order filed by University of Arkansas. (Attachments: # 1 Exhibit, # 2 Exhibit)(Varady, T.) (Entered: 07/21/2012) |
| 07/23/2012 | 115 | | THIRD MOTION to Compel Discovery and MOTION for Sanctions by David Stebbins. (adw) (Entered: 07/23/2012) |
| 07/24/2012 | 116 | | RESPONSE in Opposition re 113 MOTION to Stay *Brief in Opposition to Plaintiff's Second Motion to Stay Proceedings* filed by University of Arkansas. (Varady, T.) (Entered: 07/24/2012) |
| 07/24/2012 | 117 | | RESPONSE in Opposition re 115 MOTION to Compel MOTION for Sanctions *Brief in Opposition to Plaintiff's Third Motion to Compel Discovery and for Sanctions* filed by University of Arkansas. (Varady, T.) (Entered: 07/24/2012) |
| 07/25/2012 | 118 | | REPLY to Response to Motion re 111 MOTION for Protective Order filed by David Stebbins. (adw) (Entered: 07/25/2012) |
| 07/27/2012 | 119 | | EMERGENCY MOTION for Sanctions by David Stebbins. (adw) (Entered: 07/27/2012) |

| | | | |
|---|---|---|---|
| 07/27/2012 | 120 | | URGENT MOTION for Issuance of Subpoena by David Stebbins. (adw) (Entered: 07/27/2012) |
| 07/27/2012 | 121 | | ORDER denying 111 Motion for Protective Order. Signed by Honorable Jimm Larry Hendren on July 27, 2012. (adw) (Entered: 07/27/2012) |
| 07/30/2012 | 122 | | ORDER denying 113 Second Motion to Stay Proceedings. Signed by Honorable Jimm Larry Hendren on July 30, 2012. (tg) (Entered: 07/30/2012) |
| 07/30/2012 | 123 | | ORDER denying 115 Third Motion to Compel and denying 115 Motion for Sanctions. Signed by Honorable Jimm Larry Hendren on July 30, 2012. (tg) (Entered: 07/30/2012) |
| 07/30/2012 | 124 | | SUPPLEMENT to 111 Second Motion for Protective Order by Plaintiff David Stebbins. (src) (Entered: 07/30/2012) |
| 07/31/2012 | 125 | | RESPONSE in Opposition re 111 MOTION for Protective Order *Brief in Opposition to Plaintiff's Supplement to Second Motion for Protective Order* filed by University of Arkansas. (Varady, T.) (Entered: 07/31/2012) |
| 07/31/2012 | 126 | | RESPONSE in Opposition re 119 MOTION for Sanctions *Brief in Opposition to Plaintiff's Emergency Motion for Sanctions* filed by University of Arkansas. (Varady, T.) (Entered: 07/31/2012) |
| 08/01/2012 | 127 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (src) (Entered: 08/01/2012) |
| 08/01/2012 | 128 | | MOTION for Summary Judgment by David Stebbins. (src) (Entered: 08/01/2012) |
| 08/01/2012 | 129 | | MEMORANDUM BRIEF in Support of 128 MOTION for Summary Judgment by David Stebbins. (src) (Entered: 08/01/2012) |
| 08/01/2012 | 130 | | MOTION for Leave to of Court to Take Plaintiffs Deposition Beyond the Discovery Cut–Off Date by University of Arkansas. (Varady, T.) Modified on 8/2/2012 to correct text (tg). (Entered: 08/01/2012) |
| 08/01/2012 | 131 | | MEMORANDUM BRIEF in Support of 130 MOTION for Leave of Court to Take Plaintiffs Deposition Beyond the Discovery Cut–Off Date *Brief in Support of Motion for Leave of Court to Take Plaintiffs Deposition Beyond the Discovery Cut–Off Date* by University of Arkansas. (Varady, T.) Modified on 8/2/2012 to correct text(tg). (Entered: 08/01/2012) |
| 08/09/2012 | 132 | | RESPONSE to Motion re 130 MOTION for Leave to *Motion For Leave of Court to Take Plaintiffs Deposition Beyond the Discovery Cut–Off Date* filed by David Stebbins. (adw) (Entered: 08/09/2012) |
| 08/09/2012 | 133 | | REPLY to Response to Motion re 119 MOTION for Sanctions filed by David Stebbins. (adw) (Entered: 08/09/2012) |
| 08/15/2012 | 134 | | First MOTION to Strike *Motion to Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to Respond* by University of Arkansas. (Varady, T.) (Entered: 08/15/2012) |
| 08/15/2012 | 135 | | MEMORANDUM BRIEF in Support of 134 *Motion to Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to Respond* by University of Arkansas. (Varady, T.) Modified on |

| | | | |
|---|---|---|---|
| | | | 8/16/2012 to add link (jn). (Entered: 08/15/2012) |
| 08/20/2012 | 136 | | RESPONSE in Opposition re 134 First MOTION to Strike *Motion to Strike Plaintiff's Motion for Summary Judgment, or in the Alternative, Motion for Extension of Time to Respond* filed by David Stebbins. (adw) (Entered: 08/20/2012) |
| 08/22/2012 | 137 | | SUPPLEMENT by Plaintiff David Stebbins to 119 MOTION for Sanctions. (adw) (Entered: 08/22/2012) |
| 09/18/2012 | 138 | | NOTICE of Change of Address for David Stebbins. There are no documents to resend. (adw) (Entered: 09/18/2012) |
| 09/18/2012 | 139 | | MOTION for Summary Judgment by David Stebbins. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, #6 Exhibit F – Filed Conventionally in CD Format, No document attached)(adw) (Entered: 09/18/2012) |
| 09/18/2012 | 140 | | MEMORANDUM BRIEF in Support of 139 MOTION for Summary Judgment by David Stebbins. (adw) (Entered: 09/18/2012) |
| 09/18/2012 | 141 | | STATEMENT OF FACTS in support of 139 MOTION for Summary Judgment by David Stebbins. (adw) (Entered: 09/18/2012) |
| 09/21/2012 | 142 | | ORDER denying 119 Emergency Motion for Sanctions. Signed by Honorable Jimm Larry Hendren on September 21, 2012. (adw) (Entered: 09/21/2012) |
| 09/21/2012 | 143 | | ORDER denying without prejudice 120 Urgent Motion for Issuance of Subpoena. Signed by Honorable Jimm Larry Hendren on September 21, 2012. (adw) (Entered: 09/21/2012) |
| 09/21/2012 | 144 | | ORDER denying as moot 128 Motion for Summary Judgment; granting 130 Motion for Leave; denying as moot 134 Motion to Strike. See Order for specifics. Signed by Honorable Jimm Larry Hendren on September 21, 2012. (adw) (Entered: 09/21/2012) |
| 09/27/2012 | 145 | | RENEWED MOTION for Issuance of Subpoena by David Stebbins. (adw) (Entered: 09/27/2012) |
| 09/27/2012 | 146 | | MEMORANDUM BRIEF in Support of 145 MOTION Renewed Petition for Issuance of Subpoena by David Stebbins. (adw) (Entered: 09/27/2012) |
| 10/01/2012 | 147 | | First MOTION to Compel *Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions* by University of Arkansas. (Attachments: # 1 Exhibit Exhibit A)(Varady, T.) (Entered: 10/01/2012) |
| 10/01/2012 | 148 | | MEMORANDUM BRIEF in Support *Brief in Support of Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions* by University of Arkansas. (Varady, T.) (Entered: 10/01/2012) |
| 10/01/2012 | 149 | | First MOTION to Extend *Motion for Extension of Time to Plead and Continuance of Case* by University of Arkansas. (Attachments: # 1 Exhibit Exhibit A)(Varady, T.) (Entered: 10/01/2012) |
| 10/01/2012 | 150 | | MEMORANDUM BRIEF in Support *Brief in Support of Motion for Extension of Time to Plead and Continuance of Case* by University of |

| | | | |
|---|---|---|---|
| | | | Arkansas. (Varady, T.) (Entered: 10/01/2012) |
| 10/03/2012 | 151 | | RESPONSE in Opposition re 149 First MOTION to Extend *Motion for Extension of Time to Plead and Continuance of Case* filed by David Stebbins. (adw) (Entered: 10/03/2012) |
| 10/03/2012 | 152 | | MOTION for Protective Order by David Stebbins. (src) (Entered: 10/03/2012) |
| 10/03/2012 | 153 | | MEMORANDUM BRIEF in Support of 152 MOTION for Protective Order by David Stebbins. (src) (Entered: 10/03/2012) |
| 10/04/2012 | 154 | | ORDER denying 145 Renewed Motion for Issuance of Subpoena. Signed by Honorable Jimm Larry Hendren on October 4, 2012. (adw) (Entered: 10/04/2012) |
| 10/04/2012 | 155 | | ORDER denying 149 Motion for Extension of Time to Plead and Continuance of Case. Signed by Honorable Jimm Larry Hendren on October 4, 2012. (adw) (Entered: 10/04/2012) |
| 10/09/2012 | 156 | | MOTION in Limine by David Stebbins. (src) (Entered: 10/09/2012) |
| 10/09/2012 | 157 | | MEMORANDUM BRIEF in Support of 156 MOTION in Limine by David Stebbins. (src) (Entered: 10/09/2012) |
| 10/09/2012 | 158 | | RESPONSE in Opposition re 147 First MOTION to Compel *Motion to Compel Plaintiff's Deposition, or in the Alternative, Motion for Sanctions* filed by David Stebbins. (src) (Entered: 10/09/2012) |
| 10/30/2012 | 159 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 12–3567, in the 8th Circuit Court of Appeals by David Stebbins re 139 MOTION for Summary Judgment filed by David Stebbins. (Attachments: # 1 Envelope)(jn) (Entered: 10/30/2012) |
| 11/02/2012 | 160 | | RESPONSE in Opposition re 156 MOTION in Limine filed by University of Arkansas. (Varady, T.) (Entered: 11/02/2012) |
| 11/06/2012 | 161 | | ORDER denying as moot 147 Motion to Compel; denying as moot 152 Motion for Protective Order. Signed by Honorable Jimm Larry Hendren on November 6, 2012. (tg) (Entered: 11/06/2012) |
| 11/07/2012 | 162 | | REPLY to Response to Motion re 156 MOTION in Limine filed by David Stebbins. (tg) (Entered: 11/07/2012) |
| 11/07/2012 | 163 | | MOTION to Clarify by David Stebbins. (tg) (Entered: 11/07/2012) |
| 11/13/2012 | 164 | | MOTION for Sanctions by David Stebbins. (tg) (Entered: 11/13/2012) |
| 11/13/2012 | 165 | | MEMORANDUM BRIEF in Support of 164 MOTION for Sanctions by David Stebbins. (tg) (Entered: 11/13/2012) |
| 11/13/2012 | 166 | | MOTION to Continue Trial set on December 3, 2012, by David Stebbins. (tg) (Entered: 11/13/2012) |
| 11/13/2012 | 167 | | PRETRIAL DISCLOSURE SHEET by University of Arkansas. (Varady, T.) (Entered: 11/13/2012) |
| 11/13/2012 | 168 | | |

| | | | |
|---|---|---|---|
| | | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying 159 Petition for Writ of Mandamus Notice (USCA) filed by David Stebbins (Attachments: # 1 USCA Judgment, # 2 USCA Letter)(jn) (Entered: 11/13/2012) |
| 11/14/2012 | 169 | | PRETRIAL DISCLOSURE SHEET by David Stebbins. (tg) (Entered: 11/14/2012) |
| 11/15/2012 | 170 | | ORDER denying 156 Motion in Limine; granting to the extent set out in this Order 163 Motion to Clarify; denying 164 Motion for Sanctions; denying 166 Motion to Continue. Signed by Honorable Jimm Larry Hendren on November 15, 2012. (tg) (Entered: 11/15/2012) |
| 11/16/2012 | 171 | | Second MOTION in Limine by David Stebbins. (src) (Entered: 11/16/2012) |
| 11/16/2012 | 172 | | MEMORANDUM BRIEF in Support of 171 MOTION in Limine by David Stebbins. (src) (Entered: 11/16/2012) |
| 11/21/2012 | 173 | | RESPONSE in Opposition re 171 MOTION in Limine *Brief in Opposition to Plaintiffs Second Motion in Limine* filed by University of Arkansas. (Varady, T.) (Entered: 11/21/2012) |
| 11/27/2012 | 174 | | THIRD MOTION in Limine by David Stebbins. (tg) (Entered: 11/27/2012) |
| 11/27/2012 | 175 | | MEMORANDUM BRIEF in Support of 174 THIRD MOTION in Limine by David Stebbins. (tg) (Entered: 11/27/2012) |
| 12/03/2012 | 176 | | Minute Entry for proceedings held before Honorable Jimm Larry Hendren: Bench Trial (Day 1) held on 12/3/2012. (Theresa Sawyer–Court Reporter)(Proceedings held in Fayetteville–Room 509) (jn) (Entered: 12/03/2012) |
| 12/04/2012 | 177 | | Minute Entry for proceedings held before Honorable Jimm Larry Hendren: Bench Trial completed on 12/4/2012. Taken under advisement. (Theresa Sawyer–Court Reporter)(Proceedings held in Fayetteville–Room 509) (jn) (Entered: 12/04/2012) |
| 12/04/2012 | 178 | | Exhibit Lists by David Stebbins, University of Arkansas. (jn) (Entered: 12/04/2012) |
| 12/28/2012 | 179 | 15 | MEMORANDUM OPINION. Signed by Honorable Jimm Larry Hendren on December 28, 2012. (jn) (Entered: 12/28/2012) |
| 12/28/2012 | 180 | 35 | JUDGMENT: Plaintiff's claims are denied and dismissed with prejudice. Signed by Honorable Jimm Larry Hendren on December 28, 2012. (jn) (Entered: 12/28/2012) |
| 01/02/2013 | 181 | 36 | NOTICE OF APPEAL as to 180 Order of Dismissal by David Stebbins. (cc via CM/ECF: Scott Varady, via U.S. Postal Service: David Stebbins ) (jn) (Entered: 01/02/2013) |
| 01/02/2013 | 182 | | MOTION for Order for transcript by David Stebbins. (Same document as #181 Notice of Appeal) (jn) (Entered: 01/02/2013) |
| 01/02/2013 | 183 | | MOTION to Amend findings by David Stebbins. (jn) (Entered: 01/02/2013) |
| 01/03/2013 | 184 | | ORDER denying 182 Motion for Order for Transcript. Signed by Honorable |

| | | | |
|---|---|---|---|
| | | | Jimm Larry Hendren on January 3, 2013. (adw) (Entered: 01/03/2013) |
| 01/03/2013 | 185 | | ORDER denying 183 Motion to Amend Findings. Signed by Honorable Jimm Larry Hendren on January 3, 2013. (adw) (Entered: 01/03/2013) |
| 01/09/2013 | 186 | 39 | NOA SUPPLEMENT FORM re 181 Notice of Appeal filed by David Stebbins. (jn) (Entered: 01/09/2013) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                      PLAINTIFF

         v.                    Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                                      DEFENDANTS

                        **MEMORANDUM OPINION**

     On December 3-4, 2012, the captioned matter came on for trial
to the Court. Plaintiff appeared and represented himself. Defendants
appeared by their representative Dr. Monica Holland and were
represented by counsel. The Court received documentary evidence and
heard testimony and the arguments of counsel, and now makes the
following findings of fact and conclusions of law.

                        **PROCEDURAL HISTORY**

     1.   Plaintiff David Stebbins contends that the University of
Arkansas ("UA") discriminated against him, in violation of Section
504 of the Rehabilitation Act of 1973, **29 U.S.C. § 794(a)**, by failing
in 2010 to allow him to re-enroll as a student after he was banned
from campus in 2007. Stebbins contends that he has a disability -
Asperger's Syndrome - and that UA made no attempt to accommodate this
disability. He seeks money damages and injunctive relief.

     2.   Stebbins also asserted claims that his First Amendment
rights were violated by UA Chancellor David Gearhart, and that he was

subjected to employment discrimination by UA. These claims were dismissed before trial, as lacking merit, and will not be addressed in this opinion.

## **FINDINGS OF FACT**

3.    Stebbins enrolled in UA as an undergraduate in August, 2007. In connection with his enrollment, on August 14, 2007, he registered with UA's Center for Education Access ("CEA"), which facilitates the college experience for students with disabilities. In his Registration Form, Stebbins stated "I have Asperger's, a mild form of Autism, making it difficult to find people who put up with me. Also, I am tactless, & can accidentally smart off to authorities." Stebbins indicated that the accommodation he sought was "help negotiating my tactlessness w/my professors."

A summary of Stebbins' registration meeting stated "Requested accommodations (none at this time but he feels he may need services in the future)."

4.    On September 19, 2007, Stebbins returned to the CEA because he had lost his room key and his cell phone, and had problems with the bookstore and with his bank account. At that time the CEA had not received documentation of Stebbins' disability.

5.    The CEA received documentation regarding Stebbins' disability from Vista Health Counseling Center in Harrison, Arkansas, on September 24, 2007. The Vista Health chart reflects diagnoses of Intermittent Explosive Disorder ("IED"), Asperger's Disorder, and Panic Disorder without Agoraphobia. The most recent chart note,

-2-

dated April 10, 2007, reported that Stebbins' mother said he was frequently verbally aggressive, and sometimes physically aggressive. This note also reported that Stebbins had made no progress towards his treatment plan goals and blamed his anger on others. Other chart notes reflect that Stebbins tended to externalize blame and was unable to consider the feelings of others.

6.   Anne Jannarone, Director of the CEA, testified that Asperger's Syndrome is a high-functioning form of autism characterized by social awkwardness and challenges with social interaction, but not by violence. In her experience, students with Asperger's Syndrome do not make threats or use profanity. IED is characterized by explosive outbursts of anger and both verbal and physical aggression, usually not premeditated. Panic Disorder is characterized by extreme fear and tremendous anxiety.

7.   Based on the Vista Health documentation, on September 24, 2007, the CEA accommodated Stebbins with preferential seating at the front of his classes and permission to use a laptop computer in class with the internet disabled.

8.   Stebbins did not request that the CEA approve any accommodation relating to the use of profanity or threats of violence. However, even if he had, Jannarone testified that such conduct rises to the level of a conduct violation under the Code of Student Life, and it would not be reasonable to accommodate it. She testified that UA does not provide unreasonable accommodations.

9.   Stebbins met with Jannarone on October 11, 2007, regarding

-3-

a lost book and problems with following his instructors in class. Jannarone approved an additional accommodation -- permission to record class lectures.

10.   On October 12, 2007, an incident occurred in Stebbins' dormitory.   Debbie Hudson, who worked the front desk and handed out mail, had been asked to deliver mail to several other dorms because the dorms were shorthanded.   Hudson put up a sign saying she would be back at 3 p.m., but she did not return until 3:15 p.m.

Upon her return, Stebbins confronted Hudson.   He was very upset, cursing, raving, and slinging his arms, saying "you said you'd be back at 3 and you weren't, I need my package and I need it now!" While this was not Hudson's first encounter with an enraged, yelling, cursing Stebbins, he seemed unusually violent to her that day, so much so that she filled out an Information Report.   Hudson testified that this was the first Information Report she had ever made in some 23 years at UA.   She wrote in it that "I thought I should write this report up because I think David could be a danger to students and myself in the hall."

Stebbins later "apologized" to Hudson, saying "I would never hit you because if I did I would be suspended from school."

11.   On November 14, 2007, Stebbins went to the Treasurer's Office, upset about a charge to his financial account. The situation was described by Jo Ann Pepper, Financial Systems Coordinator and Director of Student Accounts.   She testified that Stebbins was upset, yelling, cursing, and ranting.   The incident was so disturbing that

Pepper reported it to Dr. Daniel Pugh, Dean of Students, who instructed the Treasurer's Office not to deal with Stebbins any further, but to have him deal directly with Dr. Pugh's office.

12.   As a result of the incidents with Hudson and with the Treasurer's Office, Stebbins came to the attention of Dr. Monica Holland, who was at that time Director of the Office of Community Standards and Student Ethics ("OCSSE"), the office charged with enforcing the Code of Student Life.  Dr. Holland summoned Stebbins to her office and charged him with a violation of Section I.B.8. of the Code of Student Life, "Disorderly conduct including, but not limited to, verbal abuse or inappropriate behavior or any activity or behavior prohibited by Ark. Code Ann. § 5-71-207."

13.   Stebbins elected to have Dr. Holland conduct an Immediate Administrative Hearing.  She did so, and found him responsible for the charged violation.  She placed Stebbins on Conduct Probation for one year, with the prospect of suspension if there were any more violations of the Code of Student Life.  She also required Stebbins to write a letter of apology to the Treasurer's Office; to write one to Hudson unless it could be confirmed that, as he stated, he had already apologized to her; and to meet with CEA personnel to develop a plan to minimize future occurrences of the behaviors that had resulted in his referral to OCSSE.

14.   Stebbins wrote a letter of apology to the Treasurer's Office as instructed, but added a P.S.: "I would like to point out (as calmly as I can, may I add) that I do not appreciate being

-5-

defamed like I was.  Claiming that I was accusing individuals of conspiring this problem, and that I did not calm down after the waiver was presented to me, are nothing but bald-faced lies.  I hope you know that that is libel, and is illegal."

15.  On November 28, 2007, Stebbins returned to the Treasurer's Office.  He demanded to know who had sent the information about him to Dr. Holland, saying it contained lies and threatening to file charges of slander against the Treasurer's Office.

16.  On December 3, 2007, Dr. Holland called Stebbins in to her office to discuss his conduct upon returning to the Treasurer's Office, as well as a report of his using profane language with a Resident Assistant. No charges under the Code of Student Life were brought against Stebbins as a result of this conduct but, during the meeting, Stebbins told Dr. Holland of a plan he had for injuring his father.  As reported by Dr. Holland in a Memo to Stebbins' file,

> David indicated he plans to have his father in his room, at which point he would cut his father's forehead and take his blood to write a letter of forgiveness.  David indicated he planned to have the occurrence videotaped and posted on the internet website *You Tube*.  David indicated that thinking of the pain his father would be in and the screams he would produce gave him "chills." David proceeded to make the physical motions of a person who had the chills while making this statement.  David was asked how often he thought of this plan, in which he replied a response to the effect of "I practically jerk off to it daily."

This meeting so disturbed Dr. Holland that she spoke with her supervisor.  They decided to contact Jannarone and Chad Parsons (Counselor-in-residence at Stebbins' dorm), and meet as a group with Stebbins to try to help him and also to determine if he had the

-6-

ability to carry out the threat against his father.

17. On December 4, 2007, Stebbins met with Jannarone to discuss "the amount of support he had in place to manage his disability."  During this meeting, Dr. Holland called Jannarone to set up the meeting with Stebbins, Jannarone, and Parsons.  When the meeting was suggested to Stebbins, he abruptly left Jannarone's office.

18. On December 5, 2007, Stebbins went to the Pat Walker Health Center ("Health Center") to obtain a renewal of some prescriptions.  He had not run out of his medications at this time, but he was running low.  Because he was half an hour late for his appointment, staff at the Health Center told him he would have to reschedule.

Stebbins became angry and extremely distraught.  He went to the UA Ombuds Office, where he talked to Susan Theiss, whose job it was to attempt a neutral resolution of conflicts.  During their meeting, Stebbins told Theiss that if he did not get his medications, "there could be another Virginia Tech incident."  This was about eight months after a student at Virginia Tech shot and killed numerous innocent bystanders, an incident that made national headlines.  Theiss testified that she almost pushed her "panic button" while talking with Stebbins.

19. Theiss walked with Stebbins to Counseling and Psychological Services ("CAPS"), and arranged for him to receive his prescriptions.  During the walk, Stebbins repeated his assertion

-7-

Appellate Case: 13-1105   Page: 21   Date Filed: 01/11/2013 Entry ID: 3993452

about "another Virginia Tech incident," and did not appear to be in control of what he was saying or doing. Stebbins' conduct so disturbed Theiss that -- although her work is by nature confidential -- she filled out an OCCSE Referral Form about the situation because she considered Stebbins a significant threat.

20. As a result of Stebbins' statements about a "Virginia Tech incident," Dr. Holland decided to place him on interim suspension. Section I.E.2. of the Code of Student Life defines interim suspension as "an action requiring that a student immediately leave the campus and University property. It suspends the student's participation in any classes or any other University activities."

Before notifying Stebbins of the interim suspension, Dr. Holland arranged for his mother, Mrs. Rita Stebbins, to come to campus to pick him up. She also arranged for Lt. Vance Rice of UA Police Department to be present for security purposes.

Dr. Holland verbally informed Stebbins of his interim suspension and the reasons for it. She also documented the interim suspension in a letter to Stebbins, stating that his "Virginia Tech incident" comments and his plan to injure his father violated Sections I.B.1, I.B.8. and I.B.35. of the Code of Student Life.

21. The terms of the interim suspension were that Stebbins was not allowed to be in any UA building, dorm, apartment, or campus event, and must participate in the formal review process under the Student Judicial System.

22. Stebbins was so distraught about being suspended that

-8-

before leaving campus he threatened to commit suicide, threatened to attack Lt. Rice, and stated that a "Virginia Tech incident" was "still a possibility."  Dr. Holland, Mrs. Stebbins, and Lt. Rice eventually persuaded Stebbins to check in to a hospital for mental evaluation.  It appears that the most effective form of persuasion was Lt. Rice's statement that if Stebbins did not voluntarily check in, he would be arrested and held so that Lt. Rice could seek an involuntary commitment.

23.   A formal review of Stebbins' interim suspension took place on January 10, 2008, before a Board of the All University Judiciary ("AUJ").  Stebbins testified, as did his mother, Parsons, Theiss and Dr. Holland.  Stebbins and the Board members were allowed to question each witness until they had explored the matter as fully as they desired.

During his testimony, Stebbins agreed that asking UA to "look the other way" would not be a reasonable accommodation for statements such as his "Virginia Tech incident" comments, and acknowledged that he had come to understand that cursing was not only offensive to some people, but could be seen as a threat.

24.   The Board found Stebbins responsible for the behaviors charged, and concluded that interim suspension was the appropriate response to his "Virginia Tech incident" statements.  It determined that he would be allowed to re-enroll in Fall, 2008, if he fulfilled the following conditions:

    *    during the period of suspension, he had to obtain mental

-9-

health care from a psychiatrist, addressing the behaviors that resulted in his suspension and his anger management issues; and

* he had to sign a waiver allowing OCSSE to confirm his participation in these counseling sessions.

Upon re-enrollment, he would be required to continue to participate in counseling. The duration of counseling was to be at the discretion of the mental health professional.

Finally, a one-year conduct probation would be imposed upon re-enrollment.

25. Although an avenue of administrative appeal existed, Stebbins did not appeal the decision of the AUJ.

26. During the Spring Semester of 2008, Stebbins lived off campus and sought mental health treatment from Carla Brown, a Licensed Social Worker at Ozark Guidance Center. Brown diagnosed Stebbins with Asperger's Disorder and Relational Problems Related to Mental Health Diagnoses. By the time Stebbins stopped coming to her for counseling, Brown had added Intermittent Explosive Disorder to the list of diagnoses.

27. While Stebbins initially stated to Brown that he would "do anything to get back into school," Brown testified that Stebbins put forth only minimal effort during the course of treatment, made only minimal progress, and left at the end of April, 2008, to move home to Harrison. According to Brown, Stebbins wanted others to adjust their behavior rather than making the effort to change his own, and tended to blame others for his problems rather than taking

-10-

Appellate Case: 13-1105   Page: 24   Date Filed: 01/11/2013 Entry ID: 3993452

responsibility for them himself.  He repeatedly verbalized thoughts of revenge, including on one occasion fantasies of kidnapping, torturing, and killing people who angered him.

28.  Pursuant to releases authorizing her to convey information about Stebbins' mental health to UA personnel, Brown told Dr. Holland in early May, 2008, that in her professional opinion it would not be safe for Stebbins to return to campus.

29.  On December 21, 2009, Stebbins e-mailed Dr. Holland, asking if he could "come back," and, if not, "how to appeal that decision."  Dr. Holland responded that Stebbins had not met the conditions of the AUJ for re-enrollment, and that he had forfeited his right to appeal by not timely submitting an appeal.

30.  On June 13, 2010, Stebbins sent an e-mail to Chancellor Gearhart, making demands related to re-enrollment.  Judy Schwab, Associate Vice Chancellor for Administration, received the e-mail on a website she and the Chancellor both monitor.  Schwab described the e-mail not only as threatening, but as "off the continuum" of rage and anger.  Although it was after business hours when she received the e-mail, Schwab was sufficiently concerned to call Chancellor Gearhart at home to alert him about it.

The subject line of this e-mail stated "You're a hair's breadth away from getting sued out your ass."  The content of the e-mail is instructive in understanding the situation that presented itself at that time, and is repeated here verbatim:

Listen up, you fucking maggot,

-11-

For the purposes of this email, I am not talking to the University of Arkansas; I am talking to David Gearhart in your individual capacity.   Remember, since I am addressing, not the UA Chancellor, but David Gearhart, that means that you do not have sovereign immunity.

On January 2008, I was expelled because your fucking inbred, crackpot employees couldn't be bothered to accommodate my disability.

They say I "made a terroristic threat."  That is fucking bullshit!  I didn't fucking threaten anyone.  YOU TOOK IT THAT WAY!

So, listen up, you fucking retard, you fucking inbred, cocksucking piece of shit.  I'm not asking you, and I sure as hell am not asking you kindly:  You have sixteen business hours - you have until 5PM this Tuesday evening - to do the following:

1.   Override the student accounts office (that is why I am talking to you, because, if anyone has the authority to do that, it's you).
2.   Remove my suspension.  Make it so that, officially, I was never kicked out against my will in the first place; I withdrew on my own.
3.   Allow me to re-admit myself to the University of Arkansas on the spot, no applications, no fucking interviews, no jack shit.
4.   Send me an email telling me that the above three have been accomplished.

All of them must be completed by Tuesday, June 15, 2010 at 5:00PM CT.  If they are not, I will sue you in your individual capacity and collect $50,000 in punitive damages from you.

Thank you, and go to hell.

Sincerely,
David Stebbins
Harrison, AR  72601

31.   On June 14, 2010, a Threat Assessment Team was convened to determine how to respond to this e-mail.  It was determined that Stebbins should be placed under a criminal trespass warning for a

-12-

year, during which he would not be allowed on UA property.  Lt. Rice advised Stebbins by e-mail that he was not to make direct contact with any member of administration; that he should contact Lt. Rice and make arrangements if he need to meet with anyone at UA;  and that his status could be re-evaluated in a year.

32.  Stebbins testified that UA should have accommodated him with access to his medications and "patience."  He contended that UA should have given him the benefit of the doubt, as long as it was possible that he did not mean to carry out his "Virginia Tech incident" threat.

33.  The evidence supports a finding that Dr. Holland and the AUJ Board reasonably believed that Stebbins' threats of violence had to be taken seriously. The Vista Health records available to the CEA included a note that Mrs. Stebbins had told Stebbins' counselor that Stebbins could be both verbally and physically aggressive.  Hudson, Pepper and Theiss had made written reports about Stebbins' disturbing behavior.  Dr. Holland had access to this information when she heard Stebbins verbalize his gruesome plan regarding his father, and his "Virginia Tech incident" comments.

## CONCLUSIONS OF LAW

34.  UA contends that Stebbins' case should be dismissed because he failed to exhaust administrative remedies when he did not appeal the decision of the AUJ.  The Court finds this contention without merit.  UA did not plead failure to exhaust as an affirmative defense in its Answer.  Generally speaking, "'failure to plead an

-13-

Appellate Case: 13-1105   Page: 27   Date Filed: 01/11/2013 Entry ID: 3993452

affirmative defense results in a waiver of that defense'." **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 715 (8th Cir. 2008). While the Eighth Circuit has recognized that a trial court may exercise discretion to allow the defense to be untimely pled if it does not result in unfair surprise, UA never sought to amend its Answer, nor was the matter brought to the Court's attention until shortly before trial. Under these circumstances, the Court finds that UA has waived this defense.

35.   To make out a prima facie case on his Rehabilitation Act claim, Stebbins must show the following:

(a)   that he is a person with a disability, as defined by statute;

(b)   that he is otherwise qualified for the benefit in question, enrollment at UA;

(c)   that he was excluded from the benefit due to discrimination based on his disability; and

(d)   that the program or activity from which he was excluded receives federal financial assistance.

**Randolph v. Rodgers**, 170 F.3d 850, 858 (8th Cir. 1999).

36.   "Disability," for purposes of the Rehabilitation Act, has the meaning given in **42 U.S.C. § 12102. 29 U.S.C. § 705.** It includes a person with a physical or mental impairment that substantially limits one or more major life activities, a person with a record of such impairment, and a person regarded as having such an impairment. Major life activities include learning, thinking,

-14-

Appellate Case: 13-1105   Page: 28   Date Filed: 01/11/2013 Entry ID: 3993452

communicating, and working.  Defendant admitted, in Responses to Requests for Admission, that Stebbins was eligible for accommodations based on the disability of Asperger's Syndrome.  Thus, element (a) is not in dispute.

37.  Stebbins presented a webshot of a UA description of available financial aid including statements relating to application for Federal Student Aid, and this was admitted without objection.  It appears, therefore, that element (d) is also undisputed.

38.  A person is "otherwise qualified" under the Rehabilitation Act if, with reasonable accommodations, he "can perform the essential functions of the position in question without endangering the health and safety of the individual or others."  **Wood v. Omaha School District**, 25 F.3d 667, 669 (8th Cir. 1994).  Failing to make reasonable accommodations is a form of disability discrimination.  **Peebles v. Potter**, 354 F.3d 761, 765-67 (8th Cir. 2004).

39.  Stebbins has the initial burden of proving that he requested reasonable accommodations from UA, and that those accommodations would render him "otherwise qualified."  **Mershon v. St. Louis University**, 442 F.3d 1069, 1077 (8th Cir. 2006).  He need not have used any particular words to request accommodations, but must have said enough to invoke the "interactive process" whereby he and UA would have worked out what accommodations were appropriate for what disability.  **Ballard v. Rubin**, 284 F.3d 957, 960 (8th Cir. 2002).

-15-

40.  Stebbins failed to establish that he requested reasonable accommodations applicable to the reason for his suspension.  The evidence shows that when he registered with the CEA as having Asperger's Syndrome, the only accommodation he mentioned was "help negotiating my tactlessness w/my professors."  His statements that if he did not get his medications refilled there could be another "Virginia Tech incident" are on a different order of magnitude than mere tactlessness.  They could reasonably be interpreted as threats to the safety of the entire UA community, and in fact were so perceived.

Moreover, Stebbins failed to show that the accommodations he requested after having made the "Virginia Tech incident" comments -- patience and understanding, giving him the benefit of the doubt, not taking his words as threatening unless he really meant them that way, giving him a second chance -- were reasonable.

Jannarone testified that it would be unreasonable to accommodate behavior that rises to the level of a violation of the Code of Student Life, such as threats and profanity.  The legal touchstone for reasonable accommodations supports this position.  An accommodation is not reasonable if it imposes undue financial and administrative burdens on an institution.  **Kohl by Kohl v. Woodhaven Learning Center**, **865 F.2d 930, 936 (8th Cir. 1989)**.  For UA officials to have adopted a "wait and see" attitude in the face of Stebbins' "Virginia Tech incident" comments would have burdened UA with the risk of all the financial, administrative, and human toll that

-16-

Appellate Case: 13-1105   Page: 30   Date Filed: 01/11/2013 Entry ID: 3993452

another Virginia Tech incident would have carried with it had they made the wrong decision.  It cannot be seriously argued that such would be reasonable.

41.  Stebbins also failed to establish that he was excluded from the benefit of UA enrollment due to discrimination based on his disability.  The evidence shows that accommodations appropriate to Asperger's Syndrome were afforded Stebbins, and that he was not suspended for "tactlessness" or the social awkwardness and challenges with social interaction that characterize Asperger's Syndrome.  He was suspended for making threats, which is not a characteristic of Asperger's Syndrome.

42.  Not only did Stebbins fail to establish a prima facie case of discrimination, UA succeeded in establishing its affirmative defense that Stebbins constituted a direct threat to the UA community, as to which it had the burden of proof.  **EEOC v. Wal-Mart Stores, Inc.**, 477 F.3d 561, 571 (8th Cir. 2007).  The criteria to be used in assessing whether a student presents a direct threat are drawn from **School Board of Nassau County, Fla. v. Arline**, 480 U.S. 273, 287 (1987), wherein the Court said that the Rehabilitation Act has goals of protecting handicapped individuals from discrimination "while giving appropriate weight to such legitimate concerns of grantees as avoiding exposing others to significant health and safety risks."

Factors to consider in the evaluation of risk under **Arline** include:

-17-

Appellate Case: 13-1105   Page: 31   Date Filed: 01/11/2013 Entry ID: 3993452

    (a)  the nature of the risk;

    (b)  the duration of the risk;

    (c)  the severity of the risk; and

    (d)  the probability of the risk.

    43.  When the **Arline** factors are applied to the facts of this case, they lead ineluctably to the conclusion that UA officials properly evaluated Stebbins as a direct threat to UA on December 5, 2007, when he made repeated statements that if he did not get his medications refilled there could be another "Virginia Tech incident."

    (a)  The nature of the risk:

    Stebbins' statements about a "Virginia Tech incident" went far beyond the tactlessness and "smarting off" he noted when registering with the CEA.  Only a few months before, a student had shot and killed a large number of people on the campus of Virginia Tech, a highly publicized event that shocked the nation, and especially those on college campuses.  UA was not required to prove that a threat was actually made and intended by Stebbins, but rather that those who heard his statements reasonably believed that a threat was made. **Mershon**, *supra*, **442 F.3d at 1075.**  Based on Stebbins' history at UA, Dr. Holland and the AJU could reasonably have believed that Stebbins might do the same thing.

    (b)  The duration of the risk:

    By December 5, 2007, Stebbins had been a student at UA for about four months.  In that short period of time, he had had significant difficulties in his interactions with dorm staff and

-18-

Treasurer's Office staff.  Dr. Holland, who made the decision to suspend Stebbins, knew about these difficulties, and it was reasonable for her to believe that the December 5, 2007, incident was not an isolated one, but rather a pattern that had existed from Stebbins' enrollment and was not likely to improve without significant intervention.  Thus, the duration of the risk was indefinite.

(c)  The severity of the risk:

The risk in this case was severe.  Stebbins' statements implicated the safety -- indeed, the lives -- of students, faculty, and staff at UA.  No reasonable administrator could afford to overlook them.

(d)  The probability of the risk:

Given Stebbins' history since matriculation -- reflecting a pattern of repeatedly becoming enraged over what others would perceive merely as minor annoyances -- it was reasonable for Dr. Holland, and later the AUJ, to believe that there was a significant probability that Stebbins would carry out his threats of another "Virginia Tech incident."

44.  Finally, the Court is not persuaded that there was any violation of law when UA decided not to allow Stebbins to re-enroll following his profanity-filled e-mail to Chancellor Gearhart.  In addition to the fact that Stebbins still had not satisfied the conditions of re-enrollment established by the AUJ, there was the threatening tone of the e-mail itself.

-19-

While Stebbins argued at trial that the only threat to be found in the e-mail was a threat to sue Chancellor Gearhart, the Court does not agree.

    \*    The e-mail is extremely profane, and Stebbins admitted at the AUJ hearing -- long before he sent the e-mail -- that he knew profanity could be perceived as threatening.

    \*    The tone of the e-mail is intensely malicious.

    \*    The e-mail is couched in terms of demands that must be met within hours.

    \*    The threat to sue is obviously coercive in nature.

When viewed in light of Stebbins' past history at UA, and his mental health treatment records, the e-mail was clearly threatening, and the Court finds that it was reasonable for UA to conclude that Stebbins should not be allowed back in school, or even on campus.

45.  Having concluded that Dr. Holland's interim suspension was reasonable; that the interim suspension of the AUJ was reasonable; and that the criminal trespass warning in 2010 was reasonable, it follows that Stebbins' claim that UA violated the Rehabilitation Act is without merit.  There is, therefore, no need to address the issues of damages or injunctive relief.  His claims will be denied and dismissed with prejudice, and a separate judgement to this effect will be entered contemporaneously herewith.

**IT IS SO ORDERED**, this 28th day of December, 2012.

                  **/s/ Jimm Larry Hendren**
                  **JIMM LARRY HENDREN**
                  **UNITED STATES DISTRICT JUDGE**

-20-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID STEBBINS                                                    PLAINTIFF

            v.              Civil No. 10-5125

UNIVERSITY OF ARKANSAS, and
G. DAVID GEARHART, in his
Official Capacity as Chancellor
of the University of Arkansas,
Fayetteville                                              DEFENDANTS

J U D G M E N T

    Now on this 28th day of December, 2012, for reasons set forth

in a Memorandum Opinion issued contemporaneously herewith,

plaintiff's claims in this case are **denied and dismissed with**

**prejudice.**

    IT IS SO ORDERED.

                              ___/s/ Jimm Larry Hendren_____
                              JIMM LARRY HENDREN
                              UNITED STATES DISTRICT JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 0 2 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS

**DAVID A. STEBBINS**                                                    **PLAINTIFF**

**vs.**                              **Civ. No. 10-5125**

**UNIVERSITY OF ARKANSAS**                                    **DEFENDANTS**

## NOTICE OF APPEAL AND MOTION FOR TRANSCRIPT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following notice of appeal.

### Allegations of Error

Plaintiff contends that the Court erred in the following manners:

Prior to trial...

1.      The Court erred in denying Plaintiff's motions to compel discovery.

2.      It erred in denying Plaintiff's Motions in Limine.

3.      It erred in denying Plaintiff's Motion to Confirm Arbitration Award.

At trial,

4.      It failed to consider the Intermittent Explosive Disorder, and the symptoms it caused, alongside the Asperger Syndrome, even though, as shown by Rita Stebbins' testimony, it was not revealed even to her, let alone Plaintiff, meaning that it could not be registered.

5.      It failed to incorporate the precedent of Knight v. State, 758 SW 2d 12, 14 (1988) ("Statutes in other states impose criminal liability for threats made in reckless disregard of the risk of causing terror... Our statute does not.") in determining whether or not the reasonable accommodations mentioned in Page 16, Lines #11 - #15 of his memorandum opinion, were reasonable.

6.      It erred in considering the statements made at the AUJ hearing as "uncontestable"

admissions, given that I do not recall ever being put under oath, and, for that matter, the

admissions mentioned in the memorandum opinion were opinions, not admissions of fact, and

thus, can be changed with impunity.

7.      It failed to consider the success of reasonable accommodations provided by North

Arkansas Community College in determining whether or not accommodations were possible,

even though they were testified to.

8.      It held that the direct threat renders a Plaintiff "not otherwise qualified," even though

more recent 8th Circuit case law flatly states that it is an affirmative defense.

9.      It erred in considering events regarding mere "difficulties" with dorm staff and teachers

as evidence that it would ever go beyond mere difficulties.

### Motion for Free Transcript

Though I cannot currently locate the precise statute, I remember reading somewhere in

the U.S. Code that the Court has the power to afford me a free transcript of trial proceedings if it

feels that I am appealing any legitimate question of law.  Look above; if even one of those nine

allegations of error are considered by this Court to be non-frivolous, I ask that it order the United

States to pay for my transcript of all official proceedings.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



David Stebbins
1523 W. Ridge St.
Apt D
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

72701$5353

## U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -  FAYETTEVILLE  DIVISION

## 10-5125  DAVID STEBBINS vs. UNIV OF ARKANSAS

Length of Trial:        **2 DAY BENCH TRIAL**

Financial Status:    Fee Paid?                                    Yes        No **XX**

                    If NO, has IFP been granted?        Yes **XX**    No

                    Is there a pending motion for IFP?    Yes        No

Are there any other post-judgment motions?        Yes        No **XX**

Please identify the court reporter.

        If no court reporter, please check

        Name        **THERESA SAWYER**
        Address     **35 E. MOUNTAIN, ROOM 559**
                    **FAYETTEVILLE, AR 72701**
Telephone Number    **479-444-7876**

**CRIMINAL CASES ONLY:**
        Is the defendant incarcerated?                Yes    No
Place of confinement, if known:

Please list all other defendants in this case, if there were multiple defendants.

SPECIAL COMMENTS: