<u>NO. 13-1105</u>

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

**DAVID STEBBINS**                                          **APPELLANT**

**v.**

**UNIVERSITY OF ARKANSAS**
**and OFFICE OF THE CHANCELLOR**               **APPELLEES**

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

THE HONORABLE UNITED STATES DISTRICT JUDGE
JIMM L. HENDREN

**APPELLEES' BRIEF**

T. SCOTT VARADY
Associate General Counsel
Arkansas Bar No. 93172
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

COUNSEL FOR APPELLEES

## SUMMARY OF THE CASE

On December 3-4, 2012, the Honorable Jimm L. Hendren of the United States District Court for the Western District of Arkansas conducted a two-day bench trial of this case. On December 28, 2012, the District Court entered a Judgment and Memorandum Opinion (collectively, the "Order") ruling in favor of Appellee/Defendant University of Arkansas ("University") and denied and dismissed Appellant/Plaintiff David Stebbins' ("Stebbins") claims with prejudice.

In 2007, the University interimly suspended Stebbins for a series of conduct issues, including threatening to commit "another Virginia Tech" on campus, and that suspension was upheld in a full student judicial hearing in January 2008. Without completing his judicial sanctions, Stebbins sent a threatening and expletive-filled email to the University's Chancellor in 2010 demanding his immediate re-enrollment. The University did not comply with Stebbins' demand.

At trial, Stebbins argued that the University violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), by not allowing him to re-enroll. The District Court held that Stebbins failed to establish a *prima facie* case of disability discrimination and that the University proved a "direct threat" affirmative defense. The University believes that this appeal may be decided on the briefs without oral argument.

i

## CORPORATE DISCLOSURE STATEMENT

1.      Pursuant to Fed. R. App. P. 26.1, Appellees include the University of Arkansas and the Office of the Chancellor of the University of Arkansas, Fayetteville.

2.      The University is a public institution of higher education, and the Office of the Chancellor is the chief executive office with responsibility for the University of Arkansas, Fayetteville.  As such, Appellees are not "nongovernmental corporate parties."

3.      Accordingly, there are no parent corporations or publicly traded companies that must be disclosed in accordance with Fed. R. App. P. 26.1.

4.      As explained herein, the Office of the Chancellor is no longer a party in this case.

Appellate Case: 13-1105     Page: 3     Date Filed: 05/22/2013 Entry ID: 4038360

# TABLE OF CONTENTS

Page

SUMMARY OF THE CASE ........................................................ i

CORPORATE DISCLOSURE STATEMENT ............................. ii

TABLE OF CONTENTS ......................................................... iii

TABLE OF AUTHORITIES ....................................................... v

JURISDICTIONAL STATEMENT ............................................ 1

STATEMENT OF THE ISSUES ................................................. 4

STATEMENT OF THE CASE ................................................... 6

STATEMENT OF THE FACTS ................................................. 9

SUMMARY OF THE ARGUMENT ......................................... 11

ARGUMENT ........................................................................ 14

    I.    THIS APPEAL SHOULD BE DISMISSED BECAUSE THE
COURT IS PRECLUDED FROM CONDUCTING A
MEANINGFUL REVIEW OF THE ISSUES ON APPEAL
WITHOUT A TRANSCRIPT AND CITATIONS TO LEGAL
AUTHORITY TO SUPPORT STEBBINS' CLAIMS ........... 14

        A.  The Office of the Chancellor is No Longer a Party in this
Case ................................................................. 14

        B.  The Appeal Should Be Dismissed Because the Court May
Not Conduct a Meaningful Review without the Trial
Transcript, and Appellant Fails to Cite to the Record or
Relevant Legal Authorities to Support his Brief ................. 14

Appellate Case: 13-1105    Page: 4    Date Filed: 05/22/2013 Entry ID: 4038360

II.     THE DISTRICT COURT DID NOT GROSSLY ABUSE ITS
        DESCRETION BY DENYING STEBBINS' MOTIONS TO
        COMPEL DISCOVERY AND STEBBINS' BRIEF FAILS TO
        COMPLY WITH THE GOVERNING RULES ...................... 20

III.    STEBBINS' APPEAL OF THE DISTRICT COURT'S
        ORDER DENYING THE MOTION FOR CONFIRMATION
        OF AN ARBITRATION AWARD SHOULD BE DISMISSED
        BECAUSE ANOTHER PANEL OF THIS COURT
        PREVIOUSLY REJECTED THE SAME APPEAL AS BEING
        UNTIMELY FILED .................................................. 24

IV.    CONCLUSION ...................................................... 26

CERTIFICATE OF COMPLIANCE............................................ 27

CERTIFICATE OF SERVICE ................................................ 28

Appellate Case: 13-1105    Page: 5    Date Filed: 05/22/2013 Entry ID: 4038360

# TABLE OF AUTHORITIES

**CASES**                                                                 **Page**

*Hicks v. Norwood*, 640 F.3d 839 (8th Cir. 2011) ............................. 4, 10, 18

*LoSacco v. City of Middleton*, 71 F.3d 88 (2nd Cir. 1995) .......................... 24

*Lowe v. Taylor Steel Prods. Co.*, 373 F.2d 65 (8th Cir. 1967) ................... 23

*Madison v. IBP, Inc.*, 330 F.3d 1051 (8th Cir. 2003) ................................. 25

*McDowell v. Safeway Stores, Inc.*, 753 F.2d 716 (8th Cir. 1985) ............... 19

*Meroney v. Delta Int'l Machinery Corp.*,
   18 F.3d 1436 (8th Cir. 1994) ................................................................. 4, 16

*Rebuck v. Vogel*, 713 F.2d 484 (8th Cir. 1983) ........................................ 4, 22

*Robinson v. Potter*, 453 F.3d 990 (8th Cir. 2006) .................................... 4, 21

*Schmid v. United Bhd. of Carpenters & Joiners of Am.*,
   827 F.2d 384 (8th Cir. 1987) ................................................. 4, 15, 16, 18, 19

*Stebbins v. University of Ark. & Office of the Chancellor*,
   438 Fed. Appx. 525 (8th Cir. Nov. 10, 2011) ........................................ 5, 31

*Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*,
   47 F.3d 277 (8th Cir. 1995) ................................................................. 4, 18

*United States v. Billue*, 576 F.3d 898 (8th Cir. 2009) .................................. 2

*United States v. Howard*, 532 F.3d 755 (8th Cir. 2008) .................... 4, 22, 25

*United States v. Kirk*, 528 F.3d 1102 (8th Cir. 2008) .............................. 4, 22

*United States v. Mickelson*, 433 F.3d 1050 (8th Cir. 2006) ..................... 5, 25

Appellate Case: 13-1105    Page: 6    Date Filed: 05/22/2013 Entry ID: 4038360

<u>**TABLE OF AUTHORITIES**</u>

*United States v. Snyder*, 511 F.3d 813 (8th Cir. 2008) ............................ 5, 25

**STATUTES and RULES**

29 U.S.C. § 794(a) ................................................................... i, 6

29 U.S.C. § 1294(1) ...................................................................... 1

Fed R. App. P. 10(b)(1) ........................................................... 14, 15

Fed R. App. P. 26.1 ....................................................................... ii

Fed. R. App. P. 28(a)(7) ................................................................. 9

Fed. R. App. P. 28(a)(9)(A) .......................................................... 21

Fed. R. App. P. 28(b)(4) ................................................................. 9

Fed. R. App. P. 28(e) ..................................................................... 9

8th Cir. R. 28A(j) ...................................................................... 24

Appellate Case: 13-1105    Page: 7    Date Filed: 05/22/2013 Entry ID: 4038360

# JURISDICTIONAL STATEMENT

As noted in Paragraph 2 of the District Court's Memorandum Opinion, the claims against the "Office of the Chancellor" of the University of Arkansas, Fayetteville, were dismissed prior to trial, and Appellant has not appealed the dismissal of the Office of the Chancellor from this case. The Office of the Chancellor, therefore, is not a party to this appeal. Thus, no jurisdiction exists over the Office of the Chancellor. To the extent the Court determines that the Office of the Chancellor is a party, then the arguments of Appellee University of Arkansas ("University") shall include the Office of the Chancellor.

## A.    Jurisdiction of the District Court

The University agrees with Appellant David Stebbins' ("Stebbins") statement of jurisdiction in the District Court.

## B.    Jurisdiction of the Court of Appeals

The University agrees that 28 U.S.C. § 1294(1) vests this Court with jurisdiction over reviewable decisions in the U.S. District Court for the Western District of Arkansas, but disagrees that the Court possesses jurisdiction over all aspects of Stebbins' appeal. For example and without limitation, Stebbins seeks to appeal the District Court's denial of Stebbins' motion to confirm an arbitration award. In Case No. 11-2465, another panel

1

of this Court previously dismissed Stebbins' appeal on this issue for failing to file a timely notice of appeal and lack of jurisdiction on November 10, 2011. Stebbins, therefore, effectively seeks to overturn this Court's prior decision contrary to the practice of this Court. This Court thus lacks jurisdiction over Stebbins' arbitration issue. *United States v. Billue*, 576 F.3d 898, 904 (8th Cir. 2009). The University does not waive its objections to jurisdiction as set forth in this Brief.

### C. Timeliness of Appeal

The District Court entered a Judgment and Memorandum Opinion dismissing Stebbins' case with prejudice on December 28, 2012 (the "Order"), and Stebbins filed a "Notice of Appeal and Motion for Transcript" on January 2, 2013. The Notice of Appeal, however, seeks to appeal other rulings of the District Court in addition to the Order. For example and without limitation, the District Court entered an order denying Stebbins' motion to confirm arbitration award on May 19, 2011, and Stebbins filed a Notice of Appeal on July 7, 2011. As part of his Notice of Appeal filed on January 2, 2013, however, Stebbins seeks to appeal the same District Court order denying the motion to confirm arbitration award that this Court previously deemed untimely in an unpublished opinion dated November 10, 2011 (Case No. 11-2465). The University does not waive its objections to

2

the timeliness of any other rulings of the District Court as set forth in this Brief.

### D. Final Order

The University agrees that the District Court's Order of December 28, 2012, is a final judgment, but disagrees that Stebbins limits his appeal solely to that Order. Instead, Stebbins seeks to appeal other rulings of the District Court such as the order denying the motion to confirm arbitration award as previously discussed.

3

## STATEMENT OF THE ISSUES

1.     Whether this appeal should be dismissed because Stebbins failed to provide a transcript and that prevents the Court from conducting a meaningful review of the issues on appeal and impairs the University's ability to respond to arguments that are not supported by reasons, citations to the record or relevant legal authorities.

- *Schmid v. United Bhd. of Carpenters & Joiners of Am.*, 827 F.2d 384 (8th Cir. 1987);

- *Hicks v. Norwood*, 640 F.3d 839 (8th Cir. 2011);

- *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277 (8th Cir. 1995); and

- *Meroney v. Delta Int'l Machinery Corp.*, 18 F.3d 1436 (8th Cir. 1994).

2.     Whether the appeal of the District Court's rulings on Stebbins' discovery motions should be dismissed because Stebbins' Brief fails to provide any factual or legal basis establishing that the District Court grossly abused its discretion in denying his motions, and because the District Court properly denied the motions.

- *Robinson v. Potter*, 453 F.3d 990 (8th Cir. 2006);

- *Rebuck v. Vogel*, 713 F.2d 484 (8th Cir. 1983);

- *United States v. Kirk*, 528 F.3d 1102 (8th Cir. 2008); and

- *United States v. Howard*, 532 F.3d 755 (8th Cir. 2008).

4

3.     Whether the appeal of the District Court's denial of Stebbins'

Motion to Confirm Arbitration Award should be dismissed because another

panel of this Court previously dismissed an earlier appeal on the exact same

issue for lack of jurisdiction because Stebbins failed to file a timely notice of

appeal.

- *Stebbins v. University of Ark.,* Case No. 11-2465, 438 Fed. Appx. 525 (8th Cir. Nov. 10, 2011) (unpublished opinion);

- *United States v. Snyder*, 511 F.3d 813 (8th Cir. 2008); and

- *United States v. Mickelson*, 433 F.3d 1050 (8th Cir. 2006).

5

## STATEMENT OF THE CASE

Appellant David Stebbins ("Stebbins") filed a Complaint against the University of Arkansas and subsequently amended the Complaint to add G. David Gearhart solely in his official capacity as Chancellor. Stebbins' Amended Complaint alleged discrimination in violation of Section 504 of the Rehabilitation Act as well as violations of his First Amendment rights. In response, University of Arkansas and Chancellor Gearhart (collectively, the "University") filed a Motion to Dismiss. While the University's dispositive motion was pending, Stebbins filed a Motion to Confirm Arbitration Award even though no arbitration agreement had ever been entered between the parties or awarded in favor of Stebbins.

On May 19, 2011, the District Court granted the University's Motion to Dismiss except for Stebbins' disability discrimination claim under Section 504 of the Rehabilitation Act and denied Stebbins' Motion to Confirm Arbitration Award. Stebbins filed a Motion for Reconsideration seeking review of the denial of the Motion to Confirm Arbitration Award, which the District Court denied on June 6, 2011. Stebbins then filed an untimely Notice of Appeal on July 7, 2011, which this Court dismissed for lack of jurisdiction in an unpublished opinion on November 10, 2011.

Appellate Case: 13-1105   Page: 13   Date Filed: 05/22/2013 Entry ID: 4038360

Following the issuance of this Court's mandate, discovery proceeded in this case, and the District Court conducted a two-day bench trial on December 3-4, 2012, on Stebbins' Section 504 disability claim. Specifically, Stebbins argued that the University discriminated against him by: (1) suspending him from the institution following Stebbins' threats of violence, including, but not limited to, making multiple threats to commit "another Virginia Tech" on campus and threatening to cut his father's head with a knife, to write a letter of forgiveness with his father's blood, and to video and post the assault on YouTube; and (2) failing to agree to the demands presented in a threatening and expletive-filled email that Stebbins wrote and sent to the University's Chancellor in June, 2010, including, but not limited to, Stebbins' demand to be immediately re-enrolled at the University. On December 28, 2012, the District Court issued a ruling in favor of the University and dismissed Stebbins' claims with prejudice. For the Court's convenience, the opinion of the District Court is included in the University's Appendix.

The District Court held that: (1) Stebbins failed to establish a *prima facie* case of disability discrimination under Section 504, including proving that the accommodations he sought were reasonable or that he was "otherwise qualified" within the meaning of the law; (2) Stebbins was *not*

excluded from the benefit of enrollment at the University on the basis of any disability and reasonable accommodations were granted to him; (3) the University proved an affirmative defense that Stebbins was a "direct threat"; and (4) that the University's actions in response to the threatening email sent to the Chancellor in June, 2010 were reasonable and not discriminatory. Following the issuance of the District Court's decision, Stebbins initiated this appeal.

Appellate Case: 13-1105    Page: 15    Date Filed: 05/22/2013 Entry ID: 4038360

## STATEMENT OF THE FACTS

Rule 28(a)(7) of the Federal Rules of Appellate Procedure required Stebbins, as Appellant, to include "a statement of facts relevant to the issues submitted for review *with appropriate references to the record* (see Rule 28(e))." Fed. R. App. P. 28(a)(7) (emphasis added). The University is not required to submit a Statement of Facts unless, as Appellee, it "is dissatisfied with the appellant's statement." Fed. R. App. P. 28(b)(4). The University objects to Stebbins' merged "Statement of the Case and Statement of Facts" because it fails to comply with Rules 28(a)(7) and 28(e), and contains no citations to the record. Additionally, Stebbins provided no transcript and this section of his Brief consists of self-serving speculation, theories, and opinions all of which are unsupported by the record and simply reflect Stebbins' baseless conjecture.

In light of Stebbins' failure to provide a transcript and the University's rejection of Stebbins' Statement of Facts, the University adopts the facts set forth in the "Findings of Fact" contained in the District Court's opinion dated December 28, 2012. For the convenience of this Court, the District Court's specific "Findings of Fact" are set forth on pages 3 through 14 of the Appellees' Appendix to this Brief. The District Court issued these findings shortly after the two-day bench trial of this matter. When an

9

appellant fails to include a transcript, this Court may treat the factual findings of the District Court as the facts of the case. *See, e.g.*, *Hicks v. Norwood*, 640 F.3d 839, 842 (8th Cir. 2011).

## SUMMARY OF THE ARGUMENT

In his Notice of Appeal, Appellant David Stebbins ("Stebbins")
appeals the Judgment and Memorandum Opinion ("Order") issued by the
District Court on December 28, 2012. In his "Statement of Issues and
Summary of Argument," Stebbins presents 13 grounds for appeal. Each
issue on appeal, with the exception of his motions to confirm an arbitration
award and to compel discovery, is based on matters and events that occurred
at trial as reflected in Stebbins' opening Brief. (App. Br. at 11-20.)
Nevertheless, Stebbins failed to provide a trial transcript, an omission that
deprives this Court of any meaningful opportunity to review the issues on
appeal.

Additionally, Stebbins' Brief is flagrantly deficient because he fails to
provide any reasoning for his assertions, which are unsupported by any
citations to the record or any relevant legal authorities. Instead, the Brief is
a collection of Stebbins' theories, speculation and conjecture, and the
condition of the Brief effectively precludes the University of Arkansas from
providing a meaningful response based on the substantive merits of the
District Court's decision in this case. In short, Stebbins' Brief is
inconsistent with the previous admonition of this Court that an appellant's
brief should present his or her arguments in a convincing manner, explain

11

the nature of the arguments asserted by the parties, make appropriate references to the record and transcript, and educate the Court on how to decide a case. Moreover, the Brief fails to comply with the Federal Rules of Appellate Procedure.

All of these deficiencies are present with respect to Stebbins' argument that the District Court erred in denying his motions to compel discovery. Most glaring, however, is Stebbins' failure to provide any reasoning with supporting citations to the record establishing how the District Court's denial of his discovery motions adversely impacted him at trial or how such alleged errors violated the applicable standard of review. In sum, Stebbins simply failed to provide any convincing basis to overturn the District Court, including Stebbins' failure to identify the specific orders at issue.

Stebbins' appeal of the District Court's denial of his motion to confirm an arbitration award is also without merit because another panel of this Court previously ruled that Stebbins' appeal on the exact same issue was not timely filed and thus dismissed for lack of jurisdiction. The previous panel's decision could have been overturned only by the Court sitting *en banc*, and Stebbins has provided no factual or legal basis for doing so now.

Appellate Case: 13-1105    Page: 19    Date Filed: 05/22/2013 Entry ID: 4038360

For all of these reasons, the December 28, 2013, Order of the District Court should be affirmed in its entirety, and the appeal should be dismissed.

Appellate Case: 13-1105    Page: 20    Date Filed: 05/22/2013 Entry ID: 4038360

# ARGUMENT

I. **THIS APPEAL SHOULD BE DISMISSED BECAUSE THE COURT IS PRECLUDED FROM CONDUCTING A MEANINGFUL REVIEW OF THE ISSUES ON APPEAL WITHOUT A TRANSCRIPT AND CITATIONS TO LEGAL AUTHORITY TO SUPPORT STEBBINS' CLAIMS.**

A. <u>The Office of the Chancellor is No Longer a Party in this Case.</u>

As an initial matter and for clarity, Appellees University of Arkansas and the Office of the Chancellor note that, as stated in the Memorandum Opinion dated December 28, 2012, the District Court dismissed the claims against the Office of the Chancellor prior to the two-day trial of this case on December 3-4, 2012. Accordingly, the Office of the Chancellor is not a party to this appeal. To the extent this Court deems that the Office of the Chancellor is a party, any reference to the University of Arkansas ("University") shall also mean the Office of the Chancellor.

B. <u>The Appeal Should Be Dismissed Because the Court May Not Conduct a Meaningful Review Without the Trial Transcript, and Appellant Fails to Cite to the Record or Relevant Legal Authorities to Support his Brief.</u>

Rule 10 of the Federal Rules of Appellate Procedure expressly obligated Appellant David Stebbins ("Stebbins") to order the trial transcript or to file a certificate stating that no transcript will be ordered. Fed. R. App. P. 10(b)(1). In this case, Stebbins filed a combined "Notice of Appeal and Motion for Transcript" in which Stebbins sought a trial transcript at

14

government expense.  (Dkt. Nos. 181 & 182.)  In an Order dated January 3, 2013, the District Court determined that it could not certify that the "appeal [was] not frivolous" and denied Stebbins' motion.  (Dkt. No. 184.)  This Court denied the separate Motion for Transcript filed by Stebbins in an Order dated January 14, 2013.

In his opening Brief, Stebbins acknowledges that his failure to provide a transcript is the "elephant in the room" and contends that his unsuccessful motions for a transcript at government expense are "evidence that the courts are under Appellee's thumb."  (App. Br. at 1.)  Although the University denies any influence or control over the judiciary, the University agrees with Stebbins that he failed to order or submit a transcript as part of this appeal. Stebbins also failed to certify that no transcript would be ordered.  As such, Stebbins violated the requirements of Rule 10(b)(1) of the Federal Rules of Appellate Procedure.

As established in numerous cases, this Court will dismiss appeals, including appellants such as Stebbins who are proceeding *pro se* and *in forma pauperis*, for failing to provide a transcript when, as in this case, a review of the transcript is necessary to conduct a meaningful review of the grounds on appeal.  *Schmid v. United Bhd. of Carpenters & Joiners of Am.*, 827 F.2d 384, 385-86 (8th Cir. 1987) (holding that appellant failed to

15

preserve issues on appeal by failing to file a transcript); *Meroney v. Delta Int'l Mach. Corp.*, 18 F.3d 1436, 1437 (8th Cir. 1994) (dismissing *in forma pauperis* action for failure to provide a transcript). "It is important, if not essential, to the reviewing court that an appellant under Rule 10 [of the Federal Rules of Appellate Procedure], bring before this court all parts of the proceedings below necessary for a determination of the validity of any claimed error." *Schmid*, 827 F.2d at 386 (quotations & citation omitted). Similar to the issues confronting the Court in *Schmid*, Stebbins challenges several evidentiary and other rulings at trial, the weight of the evidence at trial and further contends that the District Court acted with bias. (App. Br. at 12-20.) Just as in *Schmid*, "[o]n the basis of the record before the court, it is impossible" to conduct a meaningful review of the issues in Stebbins' appeal without the trial transcript. *Schmid*, 827 F.2d at 386. The failure to provide a transcript does not preclude this Court's jurisdiction, but "it does provide grounds for . . . dismissing the appeal." *Meroney*, 18 F.3d at 1437 (citing Fed. R. App. P. 3(a) & 8th Cir. R. 3C).

In his Notice of Appeal, Stebbins lists nine issues on appeal, including three pre-trial rulings and six issues at trial. (Dkt. No. 181.) Specifically, Stebbins contends that the District Court committed error by denying his Motion to Confirm Arbitration Award, by denying his motions to compel

16

discovery, and by denying his motions *in limine*. (*Id.*) At trial, Stebbins claims that the District Court committed the following six errors:

(1)    Failing to properly consider Stebbins' mental health conditions based upon his mother's testimony;

(2)    Failing to properly consider one legal precedent with regard to evidence at trial pertaining to reasonable accommodations;

(3)    Treating certain evidence at trial relating to Stebbins' University judicial proceedings as admissions;

(4)    Failing to properly consider testimony concerning reasonable accommodations allegedly provided to Stebbins at another college;

(5)    Determining that the evidence at trial supported the conclusion that Stebbins presented a "direct threat"; and

(6)    Failing to properly consider certain trial testimony relating to Stebbins' interactions with "dorm staff and teachers."

(*Id.*) In his Brief, Stebbins lists four new issues for appeal that are not contained in his Notice of Appeal. (App. Br. at 11-20.)

For his new issues, Stebbins contends the District Court erred as follows:

17

(7)     Overruling Stebbins' objections to defense counsel's alleged use of leading questions during the direct examination of various witnesses;

(8)     Overruling Stebbins' objections to various witnesses' alleged "insufficient and evasive answers";

(9)     Determining, based on the trial testimony, that the use of "swear words is sufficient to constitute a threat"; and

(10)    Demonstrating a clear "bias" against Stebbins.

(App. Br. at 11.)

In light of each of Stebbins' grounds for appeal, a trial transcript is a necessity for this Court to "determine the accuracy and context" all of the issues on appeal, including alleged "bias," to "evaluate the challenged evidentiary rulings, or rule on the weight of evidence." *Schmid*, 827 F.2d at 386. "[T]he lack of a transcript precludes [the Court] from conducting any meaningful review of these issues." *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 281 (8th Cir. 1995). Moreover, Stebbins' failure to provide a transcript "renders the district court's assessment of the evidence unreviewable" and leaves this Court in no other position than to accept the factual findings of the District Court. *Hicks v. Norwood*, 640 F.3d 839, 842 (8th Cir. 2011).

18

The University does not seek the dismissal of the appeal on technical, procedural grounds. The issue, as implicitly recognized by this Court's precedent, is one of fundamental fairness to the Court and all litigants. The failure to provide a trial transcript, to provide citations to the record or relevant legal authority prevents the University from having a meaningful opportunity to address the legal merits of any issue. Instead, the University is left, at best, to guess at the basis of Stebbins' vague, speculative, and conclusory assertions.

As stated, the lack of a transcript deprives the Court of any meaningful way to render a decision on the multitude of trial issues raised by Stebbins in his appeal. Appellant's Brief is a collection of speculation, conjecture and self-serving characterizations of fact, and in the absence of a transcript, Stebbins has waived all of these issues. *Schmid*, 827 F.2d at 386. Moreover, the Court is under no legal duty or obligation to canvass the voluminous record in this case to find any legal error at trial. *McDowell v. Safeway Stores, Inc.*, 753 F.2d 716, 717 (8th Cir. 1985) ("We have stated before that we will not search the record for error."). In sum, all of the issues raised by Stebbins in this appeal have been waived, except for two issues addressed herein, because no meaningful review may be conducted on any of those grounds for appeal without a trial transcript.

19

## II. THE DISTRICT COURT DID NOT GROSSLY ABUSE ITS DISCRETION BY DENYING STEBBINS' MOTIONS TO COMPEL DISCOVERY AND STEBBINS' BRIEF FAILS TO COMPLY WITH THE GOVERNING RULES.

Without citing the record or any relevant legal precedent, Stebbins contends that, by declining to grant two separate motions to compel discovery, the District Court committed error warranting the reversal or vacation of the District Court's Order dated December 28, 2013, following a two-day bench trial on the merits of the case.

In cursory fashion in his Brief, Stebbins objects that counsel failed to timely respond to one of his motions to compel and contends that the District Court was required to rule in his favor. (App. Br. at 12.) Stebbins, however, fails to provide any context or to address what, if any, harm he suffered from the District Court's failure to grant the motion or how any such alleged harm adversely impacted his ability to prosecute the case or impacted him at trial. With regard to this motion, Stebbins contends that this Court should apply a *de novo* standard of review. (*Id.*)

In a one-paragraph argument concerning his other discovery motion, Stebbins contends that his parents, in their respective depositions, "maliciously failed to provide straight answers." (*Id.* at 13.) Stebbins asserts that the District Court denied his motion for failing to include a supporting brief. Once again, however, Stebbins fails to cite to any portion

20

of the record to identify the basis for his appeal of this issue or to demonstrate or allege even the most remote impact the District Court's failure to grant this motion had on the case at trial. Further, Stebbins does not address how he was harmed when both of his parents testified at trial, and he conducted a direct examination of his mother and a cross-examination of his father. Additionally, on this issue, Stebbins sought relief against his parents as third parties in the proceedings in District Court, and they are not parties to this appeal. Stebbins claims that an abuse of discretion standard of review applies to this issue.

In addressing the denial of a motion to compel, this Court applies a gross abuse of discretion standard of review to such discovery matters. *Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006). In *Robinson*, this Court explained that such discovery rulings are reviewed in a "narrow and deferential" manner. *Id.* Contrary to the requirements of Fed. R. App. P. 28(a)(9)(A), Stebbins does not provide any reference or citation to the relevant portion of the record of this case or to any relevant legal authorities in support of his arguments, including failing to identify the two separate orders of the District Court to which he objects. As stated, Stebbins fails to identify any harm he incurred based on the alleged erroneous rulings by the District Court. Additionally, as reflected in his "Jurisdictional Statement"

21

appearing at page 5 of his Brief, Stebbins limits his appeal to the final judgment of the District Court dated December 28, 2012 and does not reference any other orders or rulings.  (App. Br. at 5.)

With respect to these discovery motions and all other issues on appeal, Stebbins' Brief fails to meet the Federal Rules of Appellate Procedure and thereby deprives the University of an opportunity to provide a meaningful and thoughtful response.  Consequently, the Court is unable to conduct a meaningful assessment of the issues on appeal, and the collective deficiencies and shortcomings in Stebbins' Brief undermine its purposes.  As stated by this Court, "[t]he purpose of a brief is to present the arguments of the party and to convince the court that it should prevail" and "should clearly explain the nature of the arguments asserted by the parties, make appropriate references to the record and transcript, and serve to assist the court in deciding the particular case."  *Rebuck v. Vogel*, 713 F.2d 484, 487 (8th Cir. 1983).  Additionally, due to the failure to present any legal argument with respect to the motions to compel issue and the other issues addressed in Section I.B., *supra*, Stebbins has waived the issues on appeal.  *See, e.g.*, *United States v. Kirk*, 528 F.3d 1102, 1104 n.2 (8th Cir. 2008) (holding that "'undeveloped issues perfunctorily adverted to in an appellate brief are waived'"); *United States v. Howard*, 532 F.3d 755, 760 (8th Cir.

22

2008) (finding that the failure to state the reasons for an appellant's views and citations to supporting parts of the record and legal precedent waives issues on appeal). Appellant's Brief falls far short of these purposes, and the collective deficiencies justify the dismissal of this appeal. *See Lowe v. Taylor Steel Prods. Co.*, 373 F.2d 65, 67 (8th Cir. 1967).

Although proceeding *pro se* and *in forma pauperis*, Stebbins is not a litigation novice and is not immune from complying with the Federal Rules of Appellate Procedure. To the contrary, the Court may take judicial notice by conducting a docket search that Stebbins is a frequent litigant in the federal court system. As reflected in the "Merger of Sections" provision on the first page of his Brief, Stebbins is well aware of the requirements of the rules, but due to his *pro se* status apparently believes he is free to disregard them with impunity. (App. Br. at 1.) More important than Stebbins' intentional disregard of the rules concerning the structure of his Brief is the fact that the failure to explain his reasoning, supported by citations to the record and law, is inconsistent with the governing rules and frustrates the very purpose of the briefing process.

As expressly recognized by another circuit, "[a]lthough *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them. . . .

23

especially . . . in civil litigation." *LoSacco v. City of Middleton*, 71 F.3d 88, 92 (2nd Cir. 1995) (quotations & citations omitted). Moreover, on review, this Court "need not manufacture claims of error for an appellant proceeding *pro se*." *Id.* at 93.

In sum, Stebbins fails to cite facts and legal reasons, supported by citations to the record and legal precedent, establishing that the District Court grossly abused its discretion in handling these discovery issues. Stebbins provides no convincing facts or arguments to support his position on this issue. Accordingly, the District Court's Order dated December 28, 2013, should be affirmed and this appeal should be dismissed.

### III. STEBBINS' APPEAL OF THE DISTRICT COURT'S ORDER DENYING THE MOTION FOR CONFIRMATION OF AN ARBITRATION AWARD SHOULD BE DISMISSED BECAUSE ANOTHER PANEL OF THIS COURT PREVIOUSLY REJECTED THE SAME APPEAL AS BEING UNTIMELY FILED.

Although not referenced in his Jurisdictional Statement, Stebbins' Brief includes a section assigning error to the District Court for denying Stebbins' motion to confirm an arbitration award without referencing the record in this case. In support of his argument, Stebbins incorporates the pleadings filed in Case No. 11-2465 in this Court. (App. Br. at 12.) Stebbins' effort to incorporate his prior briefings is prohibited by this Court's Local Rules. 8th Cir. R. 28A(j) ("A party may not incorporate by

24

reference the contents of a brief filed elsewhere."). Stebbins, therefore, offers no legal support for this issue and thus waives it. *Howard*, 532 F.3d at 760.

Independent of the waiver issue, Stebbins' argument must be dismissed because another panel of this Court issued a Judgment and an unpublished opinion affirming the District Court's denial of Stebbins' motion on November 10, 2011. *Stebbins v. University of Ark. & Office of the Chancellor*, 438 Fed. Appx. 525 (8th Cir. Nov. 10, 2011) (unpublished). In its Order, the Court determined that Stebbins' appeal was untimely filed and thus the Court dismissed the appeal for lack of jurisdiction. (Appellees' App. at 22-23.) Under this Circuit's established precedent, one panel of the Eighth Circuit may not overturn the decision of another panel, and only the Court sitting *en banc* may do so. *United States v. Snyder*, 511 F.3d 813, 818 (8th Cir. 2008); *United States v. Mickelson*, 433 F.3d 1050, 1052 (8th Cir. 2006). Accordingly, the determination of the panel established the law of the case on this issue and is not subject to review. *See Madison v. IBP, Inc.*, 330 F.3d 1051, 1059 (8th Cir. 2003) ("The law of the case doctrine prevents relitigation of settled issues.") The Court, therefore, should dismiss Stebbins' appeal on this issue.

Appellate Case: 13-1105    Page: 32    Date Filed: 05/22/2013 Entry ID: 4038360

## IV.   CONCLUSION

For all of the foregoing reasons, Appellee, University of Arkansas, respectfully requests that the Judgment and Memorandum Opinion dated December 28, 2012, be affirmed in its entirety, and that this appeal be dismissed.

Respectfully submitted,

/s/ T. Scott Varady
T. SCOTT VARADY
Associate General Counsel
Arkansas Bar No. 93172
University of Arkansas
421 Administration Building
Fayetteville, AR 72701
Phone: 479-575-5401
E-mail: svarady@uark.edu

COUNSEL FOR APPELLEES

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the limitations specified in Fed. R. App. P. 32(a)(7)(B) and (C).  Appellee prepared this Brief with Microsoft Word in 14 point, Times New Roman typeface.  This Brief contains 4,681 words.  Pursuant to Eighth Circuit Local Rule 28A(h)(2), I certify that the electronic version of Appellees' Brief and Appendix have been scanned for viruses and they are virus-free.

By: /s/ T. Scott Varady
     T. Scott Varady
     Associate General Counsel

May 22, 2013

Appellate Case: 13-1105    Page: 34    Date Filed: 05/22/2013 Entry ID: 4038360

## <u>CERTIFICATE OF SERVICE</u>

I, T. Scott Varady, Associate General Counsel, do hereby certify that I have caused a copy of the foregoing Appellees' Brief and Appellees' Appendix to be served via U.S. First-Class Mail on this 22nd day of May, 2013 on Appellant David Stebbins as follows:

David Stebbins
123 W. Ridge St.
APT D
Harrison, AR  72601

By: /s/ T. Scott Varady
    T. Scott Varady
    Associate General Counsel

28