United States Court of Appeals
For the Eighth Circuit
_____

No. 13-1105
_____

David Anthony Stebbins

*Plaintiff - Appellant*

v.

University of Arkansas; Office of the Chancellor

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville
_____

Submitted: October 25, 2013
Filed: November 14, 2013
[Unpublished]
_____

Before SMITH, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

After David Stebbins was suspended from the University of Arkansas (University) and was denied re-enrollment, he brought a suit alleging violations of his rights under the Rehabilitation Act, 29 U.S.C. § 794(a). Following a two-day bench

Appellate Case: 13-1105     Page: 1     Date Filed: 11/14/2013 Entry ID: 4095953

trial, the district court[1] entered judgment for defendants, concluding that Stebbins had failed to prove defendants did not provide him with a reasonable accommodation. This appeal followed.

Having reviewed the record before us, we agree with the district court that the accommodation Stebbins sought--help with his "tactlessness"--was not related to the reason for his suspension, namely, outbursts of violent speech and threats about another "Virginia Tech incident." See Stern v. Univ. of Osteopathic Med. & Health Sci., 220 F.3d 906, 908 (8th Cir. 2000) (under Rehabilitation Act, reasonable accommodation requested must be related to disability). We agree further that accommodating such behavior would not have been reasonable: allowing Stebbins to threaten and harass others at the University would have placed an undue hardship on appellees to ensure the safety of the University's population. See Peebles v. Potter, 354 F.3d 761, 767 (8th Cir. 2004) (plaintiff must show he requested reasonable accommodation that imposes no undue burden); Kohl ex rel. Kohl v. Woodhaven Learning Ctr., 865 F.2d 930, 936 (8th Cir. 1989) (accommodation is not reasonable if it imposes undue financial or administrative burdens on defendant, or requires fundamental alteration in nature of defendant's program).

Finally, we conclude that the district court did not err in denying Stebbins's motion to confirm an arbitration award, or abuse its discretion in denying Stebbins's motions to compel discovery and his motions in limine. See Robinson v. Potter, 453 F.3d 990, 994-95 (8th Cir. 2006) (standard of review). Accordingly, we affirm. See 8th Cir. R. 47B.

_____

---

[1] The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

-2-

Appellate Case: 13-1105     Page: 2     Date Filed: 11/14/2013 Entry ID: 4095953