UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID A. STEBBINS                                                              APPELLANT

vs.                             Civ. No. 13-1105

UNIVERSITY OF ARKANSAS                                   APPELLEES

### MOTION FOR PANEL REHEARING, OR IN THE ALTERNATIVE FOR *EN BANC* REHEARING, OR IN THE ALTERNATIVE FOR STAY OF MANDATE

     Comes now, *pro se* Appellant David Stebbins, who hereby submits the following Motion for either Panel or *En Banc* Rehearing, and if neither of those are granted, for a stay of mandate to give Appellant some time to petition the Supreme Court for review.

### Motion for Rehearing

1.     This Court affirmed that Appellant failed to meet his burden of proving that the accommodations he requested were reasonable.

2.     In doing so, however, this Court overlooked several key arguments in Appellant's briefing. Appellant did not simply state that the court's final decision was wrong, but in addition to that, that Appellant never got a fair trial in the first place.

3.     Specifically, appellant argues that ...

   (a)     The District Court allowed the Defense Counsel to ask leading questions during direct examination of their own witnesses.

   (b)     The District Court would not force the witnesses to give straight answers to Appellant's questions when they refused to do so.

   (c)     The District Court refused to consider evidence that the reasonable accommodations Appellant requested worked at a local community college without any issues whatsoever,

which, if considered, would have refuted the claim that providing these reasonable accommodations would present a clear security risk. The Court did not merely find that this evidence was unpersuasive; if he did, THAT would be reviewable for clear error. Instead, he simply declined to consider the evidence at all, which is a clear abuse of discretion.

4. This Court has obviously overlooked these points, since it completely failed to mention any of them. If this Court had considered these appeal arguments, they would have, at the very least, mentioned that these issues were affirmed without further comment (like this Court did with a variety of other issues).

5. This Court has an obligation to conduct a thorough review of every single solitary point that is properly presented to the Court. Otherwise, Appellant does not get due process.

## Motion for Stay of Mandate

6. If neither the panel nor the entire 8th Circuit decides to give Appellant the fair hearing he's entitled to, Appellant at least asks this Court to stay its own mandate. There are several rulings issued in this case that are the subject of circuit splits, thus increasing the likelihood that the Supreme Court will agree to hear the case. Among these are the following:

7. Can the District Court deny a motion to confirm an arbitration award on any grounds other than the nonmovant's motion to vacate? This issue is subject to a massive circuit split.

    (a)    The following cases hold that a court **cannot** deny a motion to confirm an arbitration award on any grounds other than a motion to vacate:

        i. *Eichleay Corp. v. International Ass'n of Bridge, Structural & Ornamental Iron Workers*, 944 F.2d 1047, 1061 (3d Cir. 1991) ("the district court may not sua sponte raise a motion to vacate when a party has failed to file a timely petition.")

ii. *MBNA America Bank, NA v. O'Brien*, 168 Ohio App. 3D 137 (2006)

iii. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) ("confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the [FAA]")

(b) The following cases hold that a court indeed **can** deny a motion to confirm an arbitration award on any grounds other than a motion to vacate:

i. *Matley v. Matley*, 594 NW 2d 850 (1999) ("We agree that neither party made a proper application to vacate the arbitration award... However, upon becoming aware that the arbitration award was based on inaccurate information, the trial court sua sponte vacated the award. It is proper for a court to vacate an arbitration award procured by fraud").

ii. *NCO Portfolio Management Inc. v. Gougisha*, 985 So.2d 731 (2008)

8. Then, there is the issue of... who holds the burden of proof regarding whether or not an accommodation is "reasonable?" The correct burden of proof on such an issue is paramount to the dispensing of justice in this case, since the Defendants in this case have done absolutely nothing to prove their claim that it would be "too difficult" for them to make an individual determination whether or not a threat was present; therefore, if the Defendants held the burden of proof on this issue, they rightfully should lose automatically.

(a) The following cases state that the Defendant should hold the burden of proof on the issue of "undue hardship."

i. *Monette v. Electronic Data Systems Corp.*, 90 F. 3d 1173, 1183 (6th Cir. 1996) ("The language of [the statute] makes it clear that the employer has the burden of

persuasion on whether an accommodation would impose an undue hardship").

  ii. *Willis v. Conopco, Inc.*, 108 F. 3d 282, 286 (11th Cir. 1997) ("[E]stablishing that a reasonable accommodation exists is a part of an ADA plaintiff's case, whereas undue hardship is an affirmative defense to be pled and proven by an ADA defendant.")

  iii. *Gilbert v. Frank*, 949 F. 2d 637, 642 (2nd Cir. 1991) ("Once the plaintiff has made a prima facie case that she or he is otherwise qualified by showing the ability to perform the essential functions of the job with some reasonable accommodation, the burden shifts to the employer to show that no reasonable accommodation is possible").

 (b) The following cases hold that the Plaintiff should prove a *lack* of undue hardship as a prerequisite to being "otherwise qualified."

  i. Obviously, this Court has already cited its own precedent of *Peebles v. Potter*, 354 F.3d 761, 767 (8th Cir. 2004).

  ii. Then, there's the First Circuit precedent of *Reed v. LePage Bakeries, Inc.*, 244 F. 3d 254 (1st Cir. 2001) ("In order to prove 'reasonable accommodation,' a plaintiff needs to show not only that the proposed accommodation would enable her to perform the essential functions of her job, but also that, at least on the face of things, it is feasible for the employer under the circumstances")

9. Last but not least, there is the issue of just what elements must be proven in order for a defendant to succeed on the issue of "direct threat." Is the mere possibility of danger sufficient to justify discrimination (such that the Defendants in this case assert), or must they prove that danger is reasonably likely to occur if total exclusion (in this case, suspension from the UA) is not immediately executed?

10. This is more than a mere collateral issue; it is the entire reason Appellant filed this lawsuit in the first place. Appellant asserted that, although his words came out wrong due to his at-the-time emotional distress, there was no actual *evidence* to suggest that Appellant was *likely* to actually go around, randomly shooting people up... at least any more so than anyone else who they allow to enroll without isuse. Clearly, this is the issue upon which this entire case hinges, which means that knowing the correct precedent is of the utmost importance.

11. The circuit split on this last issue is as follows:

   (a) Obviously, this Court has decided the former in this case. This court is joined on this issue by the Fourth, Fifth, and Sixth Circuits, as outlined below:

   i. *Bradley v. University of Tex. M.D. Anderson Cancer Ctr.*, 3 F.3d 922, 924 (5th Cir.1993) (affirming summary judgment in favor of a hospital that refused to permit an HIV-positive surgical assistant to assist surgeries, even though risk was "small")

   ii. *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir.1995) (affirming summary judgment against HIV-positive physician even though there were no documented cases of surgeon-to-patient transmission, and hospital itself described risk as "minimal but nevertheless ascertainable");

   iii. *Estate of Mauro ex rel. Mauro v. Borgess Med. Ctr.*, 137 F.3d 398, 405, 407 (6th Cir.) (affirming summary judgment against HIV-positive surgical technician even though Centers for Disease Control calculated odds of HIV transmission during a surgery as between 1 in 42,000 and 1 in 420,000).

   (b) On the other hand, there are a few circuits that have held that the "direct threat" defense is only established if a danger is not only *possible*, but also *likely*.

i. *Doe v. County of Centre, PA*, 242 F. 3D 437 (3rd Cir. 1991) (reversing a District Court's dismissal, simply because there was no *guarantee* of an HIV transmission)

ii. *Onishea v. Hopper*, 171 F. 3D 1289 (11th Cir. 1999), (although "direct threat" defense was upheld, they emphasized that the *likelihood* of actual danger was nevertheless something to be considered when determining the verity of the "direct threat" defense.)

12. Therefore, as this Court can clearly see, there is plenty of room with which the Supreme Court may disagree with it, and, because of this room for disagreement, there is a good chance that the Supreme Court may in fact take up these issues. A 90-day stay of mandate to allow Appellant a chance to petition SCOTUS for a Writ of Certiorari on this case is well in order.

## Conclusion

13. Wherefore, premises considered, Appellant requests that the case either be re-heard, or at the very least, a mandate be post-poned until the Supreme Court has a chance to hear the case. So requested on this 27th day of November, 2013.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

Page 6